IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| Tawanna Oglesby<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND
CLASS ACTION COMPLAINT**

　　Now comes Plaintiff, Tawanna Oglesby, by and through her attorney, Michael L. Fradin, and brings this class and collective action lawsuit against Defendant FedEx Ground Package System, Inc. ("FedEx") on behalf of herself and other similarly situated individuals who have been employed by FedEx through intermediary employers to perform delivery services on FedEx's behalf and who have been eligible to receive overtime pay but have not been paid time-and-a-half compensation for their hours worked in excess of forty hours per week.  Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendant's willful failure to compensate Plaintiff and similarly-situated individuals with overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Wage Fairness Act ("OMFWSA"), O.R.C. 4111.01, *et seq.*, O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), and O.R.C. §2307.60.  Plaintiff further seeks appropriate relief for Defendant's failure to provide fringe benefits to Plaintiff and other similarly situated delivery drivers in violation of ERISA.

**JURISDICTION AND VENUE**

1. Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in proper under 28 U.S.C. § 1391(b)(2).

3. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

## PARTIES

4. Plaintiff Tawanna Oglesby is an individual residing in Dayton, Ohio and is a citizen of Ohio. She worked as a delivery driver for FedEx in an around the Dayton, Ohio area from approximately October 2016 through approximately June 2020 through intermediary entities that FedEx calls an "independent service provider" ("ISP").

5. While Ms. Oglesby worked as a FedEx delivery driver, she was eligible to receive overtime pay under the FLSA and parallel state law because she did not drive a vehicle weighing more than 10,000 pounds. However, Plaintiff did not receive overtime pay for her hours worked beyond 40 per week.

6. FedEx employs thousands of individuals in Ohio, including Plaintiff, who are engaged in interstate commerce. FedEx is an employer covered by the FLSA.

## FACTS

7. FedEx operates a package pickup and delivery business servicing customers throughout Ohio and the United States.

8. FedEx repeatedly and willfully violated the Fair Labor Standards Act, the OMFWSA, and the Ohio Prompt Pay Act by failing to pay overtime to their ISP delivery drivers. FedEx violated ERISA laws by failing to provide their ISP delivery drivers with company benefits.

9. FedEx maintains a policy and practice of underpaying their delivery drivers in violation of the FLSA, the OMFWSA, and the Prompt Pay

Act.

10. FedEx employs thousands of package delivery drivers in Ohio, including the named Plaintiff and others similarly situated, who: (a) work for FedEx through intermediary employers called "independent service providers" ("FedEx ISPs"); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked over forty; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,000 pounds or less. These individuals are referred to herein as "delivery drivers."

11. The ISP's serve no real purpose other than being a mere shell to issue the paychecks to the drivers. The ISP's followed the daily and weekly instructions and directions provided by FEDEX at the FEDEX terminals.

12. FEDEX controlled the manner in which Plaintiff and other delivery drivers perform the fundamentals of the job: delivering packages.

13. FedEx controlled the method and calculation of payments and controlled its delivery drivers using a complex method and system.

14. Plaintiff and other delivery drivers are only permitted for FedEx authorized routes and assignments.

15. Plaintiff's duties were wholly controlled by FedEx on a daily basis and FEDEX determines the terms and conditions of the employment.

16. FedEx instructed the Plaintiffs to report at a certain FedEx terminal to obtain daily routes and then further controlled Plaintiffs by controlling the terms of the routes and employment.

17. All FedEx delivery drivers, including Plaintiff, have been subject to the same or similar employment policies and practices, including policies and practices with

respect to overtime wages.

18. Before instituting the ISP model of employing delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and treated as non-employee "independent contractors."

19. After years of defending litigation challenging the employment status of these "independent contractors," during which time various courts held that FedEx misclassified the drivers as independent contractors, FedEx shifted to the ISP model in an effort to continue to avoid liability under the wage laws for its delivery drivers.

20. FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

21. However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

22. FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by Plaintiffs and other delivery drivers.

23. Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

24. Plaintiff and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the

package delivery operations.

25. The services rendered by Plaintiff and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiff and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

26. Plaintiff and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

27. FedEx micromanages the manner in which Plaintiff and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

   a. FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;
   b. The delivery drivers only got compensated for authorized routes from FedEx.
   c. FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;
   d. FedEx requires the delivery drivers to complete a daily log produced and provided through FedEx.

e. The daily log produced and provided through FedEx is designed to only count the time that delivery drivers spend on the road, despite the drivers' working multiple hours per day completing other tasks, including loading the truck.

f. FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

g. FedEx dictated the policy for meal breaks.

h. FedEx provides a scanner for its delivery drivers to carry with them that directed the delivery drivers on stops, times for pickups, and other specific directions and details for each workday.

i. FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

j. FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

k. FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

l. Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

m. FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated;

n. FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

28. Some FedEx drivers working under ISPs have worked for different ISPs at times, but their work responsibilities, and procedures they have been required to

follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

29. Plaintiff worked under multiple ISP's but the policy and procedures of working as a FedEx delivery driver remained the same.

30. FedEx drivers, including Plaintiff, routinely work(ed) more than forty hours per week.

31. Plaintiff, as well as other FedEx delivery drivers throughout Ohio who have worked under ISPs, have driven trucks weighing less than 10,000 pounds and are thus eligible for overtime pay under the FLSA.

32. Although Plaintiff, as well as other FedEx delivery drivers throughout Ohio, have worked under ISPs and have driven trucks weighing less than 10,000 pounds, they have not received overtime pay for their work beyond 40 hours per week.

33. Because FedEx is these drivers' employer and/or exerts significant control over the time and pay practices of these drivers, FedEx is liable to these drivers under the FLSA for the unpaid overtime.

34. By establishing a system in which FedEx employs delivery drivers through intermediary ISPs, so as to distance itself from its responsibilities under the FLSA, FedEx has acted in reckless disregard of the drivers' rights under the FLSA. FedEx has known or should have known that its delivery drivers have not been paid the overtime they are owed by the ISPs.

35. However, regardless of FedEx's actual or constructive knowledge of this fact, it is liable for any overtime payments due to its employment of delivery drivers who have worked under ISPs.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings Count I pursuant to the FLSA, 29 U.S.C. § 216(b) and

requests that notice be sent to the following class of similarly situated drivers:

> All current and former delivery drivers employed by a Fed-Ex intermediary in the state of Ohio between the date three years prior to the filing of the original complaint and the date of final judgment in this matter, including any tolling periods.

37. Plaintiff and the drivers as described above are "similarly situated," as that term is defined in 29 U.S.C. § 216(b) and the associated caselaw, because they all worked as FedEx delivery drivers pursuant FedEx's common business practices as described above and, as a result of such practices, have not been paid the legally mandated overtime premium.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action under Federal Rule of Civil Procedure Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> All current and former delivery drivers employed by a Fed-Ex intermediary in the State of Ohio between the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Rule 23 Class").

39. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

40. The number and identity of the Rule 23 Class members are ascertainable from Defendant's records.

41. The hours assigned and worked, the positions held, deliveries completed, and

the rates of pay and reimbursements paid for each Rule 23 Class Member are determinable from Defendant's records.

42. For the purpose of notice and other purposes related to this action, their names and contact information are readily available from Defendant.

43. Notice can be provided by means permissible under Rule 23.

44. The Rule 23 Class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

45. There are more than 50 Rule 23 Class members.

46. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class member in separate actions.

47. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the OMFWSA, O.R.C. § 4113.15, and ERISA.

48. Plaintiff and the Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, polices, and procedures.

49. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.

50. Plaintiff is represented by counsel who is experienced and competent in both class action litigation and employment litigation.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation on behalf of low wage employees where individual class members lack the financial resources

to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

52. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

53. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class members individually and include, but are not limited to:

- Whether Plaintiff and the Rule 23 Class members were subject to a common policy that resulted in delivery drivers not being paid overtime wages at a rate of one and a half times their regular rate;
- Whether Plaintiff and the ERISA Class Members were deprived of benefits in violation of federal law.
- Whether Defendant failed to pay Plaintiff and the Rule 23 Class in a timely manner as described by O.R.C. § 4113.15, and, if so, whether the wages owed are "in dispute"; and
- The nature and extent of class-wide injury and the measure of damages for those injuries.

54. In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

**COUNT I**
**Failure to Pay Overtime Wages – Fair Labor Standards Act (On Behalf of Plaintiff and the FLSA Collective)**

55. Plaintiff restates and incorporate the foregoing allegations as if fully rewritten herein.

56. The FLSA requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. *See* 29 U.S.C. § 207. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiff and other similarly situated delivery drivers who have worked for FedEx under ISPs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

57. Plaintiff and the FLSA Collective worked more than forty hours in one or more workweeks.

58. Defendant did not pay Plaintiff and the FLSA Collective at least one and a half times their normal hourly rate for time worked in excess of forty hours per workweek.

59. By not paying Plaintiff and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has willfully violated the FLSA.

60. As a result of Defendant's willful violations, Plaintiff and the FLSA Collective are entitled to damages including, but not limited to, unpaid wages, unreimbursed expenses, liquidated damages, costs, and attorneys' fees.

<u>Count II</u>
**Failure to Pay Overtime Wages – Ohio Minimum Fair Wage Standards Act**
**(On Behalf of Plaintiff and the Rule 23 Class)**

61. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

62. Plaintiff and the Rule 23 Class worked more than forty hours in one or more workweeks.

63. Defendant did not pay Plaintiff and the Rule 23 Class at least one and a half times their normal hourly rate for time worked in excess of forty hours per workweek.

64. By not paying Plaintiff and the Rule 23 Class proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have violated the OMFWSA.

65. As a result of Defendant's violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid overtime wages, unreimbursed expenses, costs, and attorneys' fees.

## Count III
### Untimely Payment of Wages – O.R.C. § 4113.15
### (On Behalf of Plaintiff and the Rule 23 Class)

66. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein

67. During all relevant times, Defendant was covered by O.R.C. § 4113.15, and Plaintiff and the Rule 23 Class were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

68. O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff and the Rule 23 Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

69. By failing to pay Plaintiff and the Rule 23 Class all wages due to them under the FLSA, Defendant has also violated the Ohio Prompt Pay Act.

70. Plaintiff and the Rule 23 Class's unpaid wages and unreimbursed expenses

have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

71. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

72. As a result of Defendant's willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

## Count IV
### Damages Pursuant to O.R.C. § 2307.60
**(On Behalf of Plaintiff and the Rule 23 Class)**

73. Plaintiff restates and incorporate the foregoing allegations as if fully rewritten herein.

74. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

75. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the Rule 23 Class have been injured as a result.

76. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

77. As a result of Defendant's willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT V
### (ERISA-Denial of Benefits)
**(On Behalf of Plaintiff and the Rule 23 Class)**

78. Plaintiff restates and incorporates all previous allegations as if fully rewritten herein.

79. Defendant FedEx provides certain retirement and health benefits to its

employees by virtue of certain fringe benefits plans.

80. Although Plaintiff and other similarly situated delivery drivers were entitled to receive such fringe benefits as employees of Defendant FedEx, they were not offered or provided to her in violation of the Employee Retirement Security Act of 1974.

81. Due to Defendant's failure to provide fringe benefits to which Plaintiff and other delivery drivers were entitled by law, Plaintiff and similarly situated delivery drivers have suffered damages in the form of unpaid medical bills and lost retirement benefits, among other things.

**WHEREFORE**, Plaintiff Tawanna Oglesby prays for all of the following relief:

A. Designation of this action as a collective action and order prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and her counsel to represent the collective action members.

B. Unpaid overtime wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations for Plaintiff and the FLSA Collective.

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

D. Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

E. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, OMFWSA, O.R.C. § 4113.15, and the Employee Retirement Security Act of 1974.

F. Compensatory damages, interest, and punitive damages for lost fringe benefits.

G. An award of damages based on Defendants' failure to pay wages.

H. Compensatory and punitive damages under O.R.C. § 2307.60.

I. An award of prejudgment and post-judgment interest.

J. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

K. Such other legal and equitable relief as the Court deems appropriate and just.

*DEMAND FOR JURY TRIAL*

Respectfully submitted,
s/ *Michael L. Fradin*
Attorney for Plaintiff (0091739)

LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com