IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

TAWANNA OGLESBY

    Plaintiff,

  v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant.

Case No.: 3:20-cv-00346-WHR

HONORABLE WALTER H. RICE

CIVIL ACTION

**<u>DEFENDANT FEDEX GROUND'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS IV AND V OF PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant FedEx Ground Package System, Inc. ("FedEx Ground") moves for judgment on Counts IV and V of Plaintiff's Complaint.

## INTRODUCTION

This is a wage and hour dispute in which Plaintiff—who performed deliveries through Independent Service Providers ("SPs") that contracted with FedEx Ground—alleges that FedEx Ground was her joint employer with those SPs and owes her and other similarly situated persons unpaid overtime and unpaid ERISA benefits. (*See generally* Compl. [ECF 1].) Plaintiff's claims are based on the argument that FedEx Ground was legally obligated to treat her and other similarly situated persons as its employees, in addition to the SPs that indisputably directly employed them. (*See id.* ¶¶ 7-35.)

Plaintiff's claim for ERISA benefits (Count V) must be dismissed because, even if it were later determined that Plaintiff and other similarly situated persons should be deemed employees of FedEx Ground (which they should not be), Plaintiff and the putative class members are still not covered by FedEx Ground's ERISA benefit plans and are therefore not entitled to benefits. Plaintiff's claim for civil damages for an alleged criminal act in the failure to pay overtime wages (Count IV) must also be dismissed because it is preempted by the Fair Labor Standards Act.

Counts IV and V should be disposed of now, thus narrowing the claims (and, as a result, discovery) remaining. Once Counts IV and V are dismissed, this case will properly be limited to Plaintiff's claims for overtime wages.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is analyzed under the same standard as that applied to a motion to dismiss. *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019).

1

The court construes the pleadings in the light most favorable to the plaintiff and accepts all factual allegations as true, determining whether the plaintiff has set forth sufficient factual matter to state a plausible claim for relief. *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017).

The exhibits to the complaint and answer are considered part of the pleadings for all purposes. Fed. R. Civ. P. 10(c). As a result, where a plaintiff fails to introduce a pertinent document with her complaint, the defendant is permitted to do so; otherwise, a plaintiff with a legally deficient claim could survive a Rule 12 motion simply by failing to attach a dispositive document on which she relies. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (considering ERISA plan documents on Rule 12(b)(6) motion because plan was mentioned in complaint and plaintiff's claims were "based on rights under the plans which are controlled by the plans' provisions as described in the plan documents"), *abrogated on other grounds as stated in Briggs v. Nat'l Union Fire Ins. Co.*, 774 F. App'x 942, 948 (6th Cir. 2019); *Haviland v. Metropolitan Life Ins. Co.*, 730 F.3d 563, 565 n.1 (affirming grant of Rule 12(b)(6) motion on claim for ERISA benefits, noting plans attached to motion could be considered because they were "mentioned in the complaint and are central to the plaintiffs' claims"); *see also Rinear v. Capital Mgmt. Servs., L.P.*, No. 1:12–cv–958, 2013 WL 1131069, at *2 (S.D. Ohio Mar. 18, 2013) ("Documents attached to the pleadings as exhibits are considered incorporated therein and may be considered in evaluating a Rule 12(c) motion.").

## ARGUMENT

I.  **PLAINTIFF'S CLAIM FOR ERISA BENEFITS FAILS BECAUSE THE PLAN DOCUMENTS EXPLICITLY EXCLUDE PLAINTIFF AND OTHER SIMILARLY SITUATED PERSONS FROM ELIGIBILITY**

Plaintiff alleges she and the putative class members are entitled to two types of ERISA benefits: retirement benefits and health benefits. (Compl. ¶¶ 79-81.) To prevail on her claim, she must prove she and the putative class members are both (a) employees and (b) eligible to receive

benefits. Even assuming she could prove the former (for purposes of this motion only), Plaintiff cannot prove the latter.

Accepting Plaintiff's allegations as true, she and the putative class members were employed through "intermediary entities that FedEx calls an 'independent service provider' ("ISP")." (Compl. ¶ 4; *see also id.* ¶ 10.) But, as detailed below, FedEx Ground's ERISA plans exclude independent contractors and their employees from participating. The plans also exclude any person who is treated by FedEx Ground as an independent contractor but who a court later deems is an "employee" of FedEx Ground. The law permits such an exclusion. As a result, Plaintiff and the putative class members are <u>not eligible participants in the retirement benefits or health benefits plans, even if Plaintiff prevails on her argument that they were employees of FedEx Ground</u>.

Under the applicable case law, Plaintiff therefore lacks standing to bring a claim for ERISA benefits and FedEx Ground is entitled to judgment as a matter of law on this claim.

### A.    Only Those Eligible to Receive Benefits Have Standing to Bring an ERISA Claim for Benefits under an ERISA Plan

"Under ERISA, only plan participants and beneficiaries have standing to bring a claim for benefits[.]" *Mitchell v. First Unum Life Ins. Co.*, 65 F. Supp. 2d 686, 696 (S.D. Ohio 1998). ERISA defines a "participant" as a person "who is or may become eligible to receive a benefit of any type from an employee benefit plan[.]" *Id.* (quoting 29 U.S.C. § 1002(7)). "To establish that plaintiff may become eligible to receive a benefit, he must have a colorable claim that he will prevail in a suit for benefits [.]" *Id.* In making this determination, the plain language of the plan controls and must be given its natural meaning as it would be construed by an ordinary person. *Wallace v. Oakwood Healthcare, Inc.*, 954 F.3d 879, 890 (6th Cir. 2020); *Turner v. Safeco Life Ins. Co.*, 17 F.3d 141, 145 (6th Cir. 1994).

The court undertakes a two-pronged analysis to determine whether or not an individual is a "participant" entitled to benefits under ERISA. *Jaeger v. Matrix Essentials, Inc.*, 236 F. Supp. 2d 815, 821 (N.D. Ohio 2002). First, the court determines whether the individual is an "employee."[1] *Id.* "The second prong requires that the plaintiff be eligible to receive benefits according to the terms of the plan." *Id.* at 822. If the plaintiff "fails on either prong, she lacks standing to bring a claim for [ERISA] benefits[.]" *Id.* at 825.

Under this two-pronged test, demonstrating employee status is not enough. Plaintiff also must show that she and the putative class members are entitled to benefits under the plain language of the ERISA plans. This, she cannot do, as a matter of law.

> **B.      FedEx Ground Permissibly Chose to Exclude Plaintiff from Its Definition of Plan Participants**

An employer is not required to make ERISA benefits available to all employees. *Jaeger*, 236 F. Supp. 2d at 825 (granting defendant's motion for summary judgment). Each plan "has the absolute right to enforce its contract with Plaintiff, even if the result is harsh." *Isner v. Minnesota Life Ins. Co.*, 677 F. Supp. 2d 950, 958 (E.D. Mich. 2009) (plan unambiguously excluded plaintiff from eligibility).

FedEx Ground permissibly chose to exclude Plaintiff and the putative class members from its definition of plan participants in each of the relevant plans, barring this claim.

>  1.      The Group Health Plans

FedEx Ground's Group Health Plan provides coverage to all "Employees" who also meet the definition of an "Eligible Employee," as those terms are defined in the plan. (FedEx Ground

---

[1] Courts employ a multi-factored test under federal common law to determine if an individual is an "employee" for ERISA purposes. *Jaeger*, 236 F. Supp. 2d at 822. For purposes of this motion only, FedEx Ground agrees that the Court may assume Plaintiff could prove she and the putative class members should be deemed common law employees.

4

Answer, Exhibits A-E [ECF 3-1 at PageID 43 (2016 plan); ECF 3-2 at PageID 51 (2017 plan); ECF 3-3 at PageID 59 (2018 plan); ECF 3-4 at PageID 67 (2019 plan); ECF 3-5 at PageID 75 (2020 plan)].)

Plaintiff and the putative class members are not and cannot be deemed "Employees" for purposes of participating in the plan. The plan definition of "Employee" explicitly provides that it:

> <u>shall not include</u> an individual who is classified by a Participating Employer as a leased employee, an independent contractor, or an agent or employee of an independent contractor, <u>regardless of whether such individual is later reclassified as a common-law employee by a court or government agency having competent jurisdiction</u>.

(Answer, Exhibits A-E [ECF 3-1 at PageID 42; ECF 3-2 at PageID 50; ECF 3-3 at PageID 58; ECF 3-4 at Page ID 66; ECF 3-5 at PageID 74] (emphases added).)

Because Plaintiff and the putative class members are not "Employees," they also are not "Eligible Employees," because an "Eligible Employee" must meet the qualifications of an "Employee" plus other qualifications, as defined in the plan. (Answer, Exhibits A-E [ECF 3-1 at PageID 44 ("Eligible Employee shall mean an Employee who …"); ECF 3-2 at PageID 52 (same); ECF 3-3 at PageID 60 (same); ECF 3-4 at Page ID 68 (same); ECF 3-5 at PageID 76 (same)].) Under these definitions, Plaintiff and the putative class members are not entitled to any benefits under the Group Health Plan.

        2.     The Pension Plan

Like the Group Health Plan, the Pension Plan limits the persons who are eligible to receive benefits. In the 2015 Pension Plan, a person may become eligible to participate in several ways: (a) if s/he is an "Employee who was an Eligible Employee on May 31, 2008" subject to other requirements; or (b) if s/he "becomes an Eligible Employee after such date" and meets other requirements. (Answer, Exhibit F [ECF 3-6 at PageID 82].) The 2020 Pension Plan

5

contains slightly different wording, but still limits eligible participants to those who were an "Eligible Employee who was a Participant on December 31, 2019" or those who become "an Eligible Employee after such date" and meet other requirements. (Answer, Exhibit G [ECF 3-7 at PageID 97].) A person is not an "Eligible Employee" unless he/she is also an "Employee." (Answer, Exhibits F-G [ECF 3-6 at PageID 85; ECF 3-7 at PageID 100].)

The Pension Plan defines an "Employee" in a way that explicitly excludes Plaintiff and the putative class members:

> The term Employee <u>shall not include</u> any independent contractor or independent service provider, or an agent or employee of an independent contractor or independent service provider, <u>even if such independent contractor, independent service provider or other person is later determined by a court or administrative agency having competent jurisdiction to be a common law employee of the Employer</u>.

(Answer, Exhibits F-G [ECF 3-6 at PageID 81; ECF 3-7 at PageID 96] (emphases added).)

The Pension Plan definition of "Eligible Employee" also excludes Plaintiff and the putative class members for two reasons: (1) Plaintiff and the putative class members are not "Employees" and (2) Plaintiff and the putative class members are employed by independent contractors who are excluded from coverage:

> Eligible Employee means any Employee who is compensated on a salaried or hourly-rated basis, <u>but excluding the following</u>:
>
> ***
>
> (c) Any person who is classified by the Employer as an independent contractor or an agent or employee of an independent contractor, as well as any person who is not subject to the dominion and control of the Employer or a Controlled Group Member with respect to the type, kind, nature and scope of employment services furnished, <u>even if such independent contractor or other person is later determined by a court or administrative agency having competent jurisdiction to be a common law employee of the Employer</u>.

6

(Answer, Exhibits F-G [ECF 3-6 at PageID 85-86; ECF 3-7 at PageID 100-01] (emphases added).)[2]

Thus, under the plain language of the Pension Plan definitions, Plaintiff and the putative class members are not eligible for benefits, regardless of whether Plaintiff could prove employment by FedEx Ground.

### 3. The Retirement Savings Plan

The final potentially applicable ERISA plan is the Retirement Savings Plan. The Retirement Savings Plan is open to certain "Eligible Employees." (Answer, Exhibits H-I [ECF 3-8 at PageID 111; ECF 3-9 at PageID 122].)

Like with each of the other ERISA plans discussed above, Plaintiff and the putative class members are not "Employees" under the Retirement Savings Plan, which states that the definition of "Employee" "shall not include an independent contractor or an agent or employee of an independent contractor." (Answer, Exhibits H-I [ECF 3-8 at PageID 110; ECF 3-9 at PageID 121].)

Plaintiff and the putative class members therefore are not Eligible Employees, because an Eligible Employee must first be an Employee. (Answer, Exhibits H-I [ECF 3-8 at PageID 110 ("Eligible Employee shall mean an Employee who …"), 112 (same), 113 (same), 114 (same); ECF 3-9 at PageID 120 (same)].)

And, while the definition of Eligible Employee has been amended several times, each definition provides that those such as Plaintiff and the putative class members cannot later be deemed Eligible Employees:

---

[2] Later amendments to the definition of "Eligible Employee" left this exclusion in place. (*See* Answer, Exhibits F-G [ECF 3-6 at PageID 88-89; ECF 3-7 at PageID 103-04].)

7

> Eligible Employee shall mean an Employee who is … not a leased employee, an independent contractor, or an employee or agent of an independent contractor, <u>regardless of whether a court or government agency of competent jurisdiction subsequently reclassifies such individual as a common-law employee of a Participating Employer</u>[.]

(Answer, Exhibits H-I [ECF 3-8 at PageID 110, 112, 113, 114; ECF 3-9 at PageID 120] (emphasis added).)

In sum, the Retirement Savings Plan, like the Group Health Plan and the Pension Plan, excludes Plaintiff and the putative class members from eligibility for benefits.

### C. Because Plaintiff and the Putative Class Members Are Not Participants, They Are Not Eligible for Benefits under the FedEx Ground Plans.

As noted above, Plaintiff must prove both employee status and eligibility for benefits. *Jaeger*, 236 F. Supp. 2d at 821-22, 825. Therefore, even assuming she can prove that she and the putative class members should have been treated as common law employees of FedEx Ground, she still cannot prevail on her ERISA claims, because she fails the second prong of the "participant" test—she and the putative class members are neither "Employees" nor "Eligible Employees" as defined by the plans' express terms, and thus are not eligible to receive benefits according to the plain language of the plans.

The facts of *Jaeger* are directly on point. In *Jaeger*, like here, the employer specifically excluded from the plan definition the following: "independent contractors and all other individuals whom the Employer does not treat as its employees for federal income and employment tax purposes, <u>even if it is subsequently determined by a court or the Internal Revenue Service that such individuals should be, or should have been, properly classified as common law employees</u> of the employer." *Jaeger*, 236 F. Supp. 2d at 825 (emphasis added).

Given the plain language of the plan in *Jaeger*, the court determined that the employer fell "squarely within the category of employers who have imposed limitations on the benefits

8

available to 'common law' employees" by "specifically exclud[ing them] from its benefit plans[.]" *Id.* at 825. Accordingly, the court concluded as a matter of law that the plaintiff did not fall within the plan definition of "employee" and granted the defendant's motion for summary judgment. *Id.* at 827; *see also id.* at 828-29 (plaintiff was also outside definition of successor-employer's plan).

The outcome in this case should be the same as that in *Jaeger*. FedEx Ground specifically excluded Plaintiff from its benefit plans by imposing limitations on the benefits available, even for those who are later deemed common law employees. Under the plain language of the plans, Plaintiff is not eligible for benefits and therefore cannot meet the second prong of the "participant" test. FedEx Ground is thus entitled to judgment as a matter of law on Count V of Plaintiff's complaint for ERISA benefits.

## II. PLAINTIFF'S CLAIM FOR CIVIL DAMAGES FAILS BECAUSE THE FAIR LABOR STANDARDS ACT EMPLOYS A COMPREHENSIVE ENFORCEMENT SCHEME THAT PREEMPTS PLAINTIFF'S STATE-LAW CLAIM

Plaintiff alleges that FedEx Ground's violation of the Fair Labor Standards Act ("FLSA") was willful and that such willful violation subjects FedEx Ground to criminal penalties. (Compl. ¶¶ 74-75.) Plaintiff further alleges that FedEx Ground's criminal actions entitle her to civil damages under Ohio Rev. Code § 2307.60. (*Id.* ¶¶ 76-77.) In particular, she claims: "As a result of Defendant's willful violations of the FLSA, Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60." (Compl. ¶ 77.) This state-law claim for civil damages is preempted by the FLSA because the entire claim is premised on a violation of the FLSA. FedEx Ground is therefore entitled to judgment as a matter of law on Count IV of Plaintiff's Complaint.

The Sixth Circuit holds that claims that allege a substantive wrong covered by the FLSA are preempted because, "through the FLSA's enforcement mechanism itself, Congress prescribed

9

the <u>exclusive</u> vehicle through which plaintiffs may remedy its substantive guarantees." *Torres v. Vitale*, 954 F.3d 866, 875 (6th Cir. 2020) (emphasis added).

In *Torres*, the plaintiff filed a RICO claim, alleging he was paid straight time in cash for hours worked in excess of 40 hours per week. *Id.* at 869. The plaintiff asserted a RICO claim for failure to pay overtime. *Id.*³ The court found that the plaintiff could not proceed on "claims based on lost wages" because the FLSA governs such claims. *Id.*; *see also Collier v. LoGiudice*, 818 F. App'x 506, 510 (6th Cir. Jun. 26, 2020) ("like the Court in *Torres* we affirm the dismissal of Collier's RICO claim as it relates to the wage theft scheme because it seeks the same remedy provided by the FLSA, the recovery of unpaid overtime").

Under *Torres* and *Collier*, Plaintiff's state-law claim is preempted, because it is based entirely on an allegation that FedEx Ground violated the FLSA by failing to pay overtime wages. As noted above, she alleges she is entitled to damages "[a]s a result of Defendant's willful violations of the FLSA[.]" (*See* Compl. ¶ 77 (emphasis added).) This allegation puts Plaintiff's claim for violation of Ohio Rev. Code § 2307.60 squarely within the *Torres* holding.

FedEx Ground is therefore entitled to judgment as a matter of law on Count IV of Plaintiff's complaint for civil damages for a criminal act.

## **CONCLUSION**

Even if Plaintiff is deemed an employee (which she will not be), she is not entitled to benefits under FedEx Ground's ERISA plans. Therefore, FedEx Ground is entitled to judgment on Plaintiff's claim for ERISA benefits. FedEx Ground is further entitled to judgment on Plaintiff's claim for civil damages for a criminal act, because that claim is duplicative of, and

---

³ He also brought a RICO claim for failure to withhold income taxes. That claim was not barred, because it sought damages distinct from the lost wages available under the FLSA. *Id.* at 869.

therefore preempted by, the Fair Labor Standards Act. FedEx Ground respectfully requests the Court grant it judgment on Counts IV and V of Plaintiff's Complaint.

Dated: November 2, 2020.                    Respectfully submitted,

*/s/ Steven M. Loewengart*
Steven M. Loewengart (0039086)
Fisher & Phillips LLP
250 West Street, Suite 400
Columbus, OH 43215
Telephone:   614.221.1425
Facsimile:    614.221.1409
Email:  sloewengart@fisherphillips.com

and

*/s/ Jessica G. Scott*
Jessica G. Scott (admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:  scott@wtotrial.com

Attorneys for Defendant,
FedEx Ground Package System, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on November 2, 2020, I electronically filed the foregoing **DEFENDANT FEDEX GROUND'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS IV AND V OF PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Michael Fradin**
  mike@fradinlaw.com, mikefradin@gmail.com

        */s/ Jessica G. Scott*