IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAWANNA OGLESBY | : | Case No.: 3:20-cv-00346-WHR |
| Plaintiff, | : | District Judge: Walter H. Rice<br>Magistrate Judge: _____ |
| vs. | : | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | : | PROTECTIVE ORDER |
| Defendant. | : | |

# STIPULATED PROTECTIVE ORDER

Pursuant to the parties' joint request that the Court enter this Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation, the Court hereby **ORDERS** that:

1. **Scope.** This Protective Order ("Protective Order" or "Order") shall apply to all documents or other information produced in the course of discovery in this Action that the producing person or entity (the "Producing Entity") has designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY –SUBJECT TO PROTECTIVE ORDER" (collectively, "Confidentiality Designations") pursuant to this Order, including but not limited to, all initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and all materials (including documents or testimony) produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively, the "Confidential Information").

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information. There is good cause to issue this Order under Federal Rule of Civil Procedure 26(c). This case involves the confidential business relationships of the parties. It will require production of documents routinely held and treated as confidential by both parties, including business and tax records, vehicle files, contracts and addenda, activities records, compensation records, and other financial, commercial, and competitively or commercially sensitive information that is not publicly available.

3.  **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

4.  **Designating Material**

    a.  **Designating Material As Confidential:** Any party, or any third party subpoenaed by one of the parties, may designate as "Confidential" and subject to this Protective Order any documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Entity asserts in good faith is protected from disclosure by statute or common law, such as confidential personal information, personnel records, trade secrets, proprietary information, or other sensitive or confidential business, technical, sales, marketing, financial, commercial, or competitively sensitive information that is not publicly available. The designation of materials as "Confidential" pursuant to the terms of this Protective Order does not mean that the document or other material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

    b.  **Designating Material As Attorneys' Eyes Only.** Any party, or any third party subpoenaed by one of the parties, may designate as "Attorneys' Eyes Only" and subject to this Protective Order any materials or information that meet the test set forth in Paragraph 4(a), but as to which the Producing Entity also asserts in good faith that the information is so

competitively sensitive that the receipt of the information by parties to the litigation could result in competitive harm to the Producing Entity.

5. **Form and Timing Of Designation**

   a. **Documents And Written Materials.** The Producing Entity shall designate any document or other written materials as confidential pursuant to this Order by marking each page of the material with a stamp setting forth the Confidentiality Designation, if practical to do so. The person or entity designating the material shall place the stamp, to the extent possible, in such a manner that it will not interfere with the legibility of the document. Materials shall be so-designated before, or at the time of, their production or disclosure. With respect to documents produced by a non-party, any party may designate any such document as confidential by stamping the Confidentiality Designation prominently on the documents within 10 days of its production and by notifying all other counsel of each document so designated, or otherwise designating the document "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before production or disclosure. During the 10-day period immediately following production, all parties and all counsel, employees of counsel, and experts engaged or retained for purposes of this action shall not reproduce or disclose to any other person any information contained in any document produced by the non-party.

   b. **Electronically Stored Information ("ESI").** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the Confidentiality Designation to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (*e.g.,* the Bates

3

range) any portions of the ESI that should be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

        c. **Deposition Testimony.** Deposition testimony will be deemed confidential by stating orally on the record either immediately before or after testimony that the information should be considered and treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as the case may be, or by otherwise designating the deposition as such.

6. **Limitation of Use.**

        a. **General Protections.** All information that has received a Confidentiality Designation, including all information derived therefrom, shall be used by any Receiving Party solely for purposes of prosecuting or defending this Action. A Receiving Party shall not use or disclose the Confidential Information for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, a Receiving Party shall not disclose Confidential Information to any third party. Nothing in this Order shall prevent any party from disclosing its own information and documents to any person, and such disclosure shall not be deemed a waiver of any party's rights or obligations under this Order. Nothing in this Order shall be construed to restrict any party's use of information, in the party's possession or known by the party, before disclosure by any other party or non-party, or of information that is public knowledge, has not previously been maintained as confidential, or is independently developed or acquired outside of the production and exchange of documents and information subject to this Order.

        b. **Persons to Whom Information Marked "CONFIDENTIAL" May Be Disclosed.** Use of any information, documents, or portions of documents marked as Confidential Information, including all information derived therefrom, shall be restricted solely to the

following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court.

    1. the Court and its personnel, including but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

    2. court reporters or videographers who transcribe or record depositions or other testimony in this case;

    3. counsel for the parties and the legal associates, paralegals, clerical, and other support staff employed by such counsel and who are involved in assisting in this case;

    4. the parties, and their employees, agents, and representatives who are assisting in this case;

    5. experts or consultants retained by the parties or their counsel to assist in preparing this case for trial;

    6. deposition and trial witnesses;

    7. employees of copy services, microfilming or database services, trial support firms, or translators who are engaged by the parties during the litigation of this action with the acknowledgement that any person responsible for making copies of confidential information must ensure that the copies adequately reflect the designation of confidentiality and are treated as such; and

    8. any other person agreed to in writing by the parties.

All persons authorized by this Order to receive information designated as Confidential Information shall maintain such information in accordance with this Order, and shall use such information solely for the purpose of preparing for and conducting this litigation. No information designated as confidential shall be used for any other purpose. Further, all persons authorized to receive confidential information under this Order (other than the Court, counsel, jurors, and court reporters) shall be shown a copy of this Order, and sign the acknowledgement attached as

Attachment A. Counsel for the respective parties shall ensure that all such individuals agree to comply with this Order.

c. **Persons To Whom Information Marked "ATTORNEYS' EYES ONLY" May Be Disclosed.** Information and documents designated as "ATTORNEYS' EYES ONLY," including any copies, notes, or summaries thereof, shall not be produced or disclosed to any person other than to those individuals identified in Paragraph 6(b)(1)-(3), (5), and (7)-(8).

7. **Inadvertent Production.** Inadvertent failure to timely designate documents or testimony as confidential shall not operate as a waiver of a party's right later to designate such information as confidential, but no party shall be held in breach or contempt of this Order if, before such later designation, such information has been disclosed to any person not authorized to receive confidential information under this Order. Once such a belated designation has been made, however, the relevant information shall otherwise be treated as confidential in accordance with this Order.

a. The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information before production.

8. **Filing Materials Containing Information With A Confidentiality Designation.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the

document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court. Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable and, if so, why within 14 days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the 14-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than 10 days, after the motion is denied.

9.      **Attorneys Allowed To Provide Advice.** Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with

respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except for the disclosure of the Confidential Information as proscribed in this Order.

10. **Excluding Others From Access.** Whenever information bearing a Confidentiality Designation pursuant to this Protective Order is to be discussed at a deposition, the person or entity that designated the information may exclude from the room any person, other than persons designated in Paragraph 6 of this Order, as appropriate, for that portion of the deposition.

11. **No Voluntary Disclosure To Other Entities.** The parties or anyone acting on their behalf may not voluntarily disclose any Confidential Information to any state or federal law enforcement or regulatory agency, or any employee thereof, except in this litigation as set forth in Paragraph 6 of this Order or as otherwise commanded by law or provided in this Order. Nothing in this Order shall prevent a party from providing information in its possession in response to a valid order or subpoena from a law enforcement or regulatory agency requiring the production of such information, except that, before such production, the party producing the information shall provide as much advance notice as possible to the person or entity that designated the material as confidential to facilitate that party's efforts to preserve the confidentiality of the material, if warranted.

12. **Disputes As To Designations.** Each party has the right to dispute the Confidentiality Designation asserted by any other party or subpoenaed person or entity in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the person or entity that designated the documents or materials and identify the

basis for challenging the designation. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the Confidentiality Designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Civil Rule 26(c). In the event of disagreement, then the designating person or entity shall file a motion pursuant to Federal Civil Rule 26(c). A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

13. **All Trials Open To Public.** The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection may be afforded to such information at the trial or hearing.

14. **No Waiver Of Right To Object.** This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action. The entry of this Order shall not in any way detract from or constitute a waiver of the right of any individual or entity to object to the production of discovery materials or the admissibility of any document on grounds other than confidentiality.

**15. No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

**16. No Admissions.** Designation by either party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents under this Order.

**17. No Prior Judicial Determination.** This Order is based on the representations and agreements of the parties and is entered for the purpose of facilitating discovery in this action. Nothing in this Order shall be construed or presented as a judicial determination that any documents or information as to which counsel or the parties made a Confidentiality Designation is in fact subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Order Subject To Modification.** This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**19. Parties May Consent To Disclosure.** Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the

parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues. In addition, any interested member of the public may also challenge the designation of any material as confidential, pursuant to the terms of this paragraph.

20. **Return Of Materials Upon Termination Of Litigation.** Upon termination of this lawsuit, and after exhaustion of all appeals, whether by judgment, order, or settlement, the parties shall return all materials and information designated as confidential, together with any reproductions thereof, to the party or parties that produced such material or information. In the alternative, the receiving party may destroy all such materials and information, together with any reproductions thereof, and execute a certificate stating that it has been destroyed.

21. **Counsel Allowed To Retain Copy Of Filings.** Nothing in this Protective Order shall prevent outside counsel for a party from maintaining in its files a copy of any filings in the Action, including any such filings that incorporate or attach Confidential Information. Moreover, an attorney may use his or her work product in subsequent litigation provided that such use does not disclose any Confidential Information.

**SO ORDERED.**

Dated: 7,13-21

*[signature]*
The Honorable Walter H. Rice, U.S.D.J

AGREED TO:

*/s/ Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Bendau & Bendau PLLC
P.O. Box 97066
Phoenix, AZ 85060
Telephone: 480.382.5176
Email: cliffordbendau@bendaulaw.com
cluis@bendaulaw.com

Michael L. Fradin (0091739)
Law Office of Michael L. Fradin
8 N. Court St. Suite 403
Athens, OH 45701
Telephone: 847.986.5889
Facsimile: 847.673.1228
Email: mike@fradinlaw.com

James L. Simon (OH No. 0089483)
The Law Offices Of Simon & Simon
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: 216.525.8890
Facsimile: 216.642.5814
Email:jameslsimonlaw@yahoo.com

Attorneys for Plaintiff Tawanna Oglesby

Joseph A. Farchione (0039199)

*/s/ Jessica G. Scott*
Jessica G. Scott (admitted *pro hac vice*)
David J. Schaller (admitted *pro hac vice)*
Natalie R. Colao (admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:  farchione@wtotrial.com
scott@wtotrial.com
schaller@wtotrial.com

Attorneys for Defendant
FedEx Ground Package System, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TAWANNA OGLESBY, | :<br>: |
| Plaintiff, | : Case No. 3:20-cv-00346-WHR<br>: |
| v. | : District Judge: Walter H. Rice<br>: Magistrate Judge _____ |
| FEDEX GROUND PACKAGE SYSTEM, INC., | :<br>: |
| Defendant. | :<br>: |

## FORM PROTECTIVE ORDER
## ATTACHMENT A

The undersigned acknowledges that [he/she] has read the Protective Order dated [INSERT DATE OF OPERATIVE PROTECTIVE ORDER] in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the Order, solely for the purpose of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____     _____
                          Signature

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on July 8, 2021, I electronically filed the foregoing **PROPOSED PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Michael Fradin**
  mike@fradinlaw.com, mikefradin@gmail.com

- **James L. Simon**
  jameslsimonlaw@yahoo.com

- **Clifford Bendau II**
  cliffordbendau@bendaulaw.com; cliff@bswages.com

*/s/ Jessica G. Scott*