IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TAWANNA OGLESBY, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 3:20-cv-346 |
| FEDEX GROUND PACKAGE SYSTEM, INC., | : | JUDGE WALTER H. RICE |
| Defendant. | : | |

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS IV AND V OF PLAINTIFF'S COMPLAINT (DOC. #6)

---

Plaintiff, Tawanna Oglesby, has filed a collective and class action Complaint against Defendant, FedEx Ground Package System, Inc. ("Defendant" or "FedEx"). This matter is before the Court pursuant to Defendant's Motion for Judgment on the Pleadings. Doc. #6.  FedEx argues that it is entitled to judgment on Count IV, alleging damages for injuries caused by a criminal act pursuant to Ohio Revised Code § 2307.60, and Count V, alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The motion is fully briefed and ripe for decision.

## I. Background

### A. Factual Background

According to Plaintiff's Complaint, from approximately October 2016 through June 2020, Plaintiff worked in and around Dayton, Ohio, as a package delivery driver making deliveries for FedEx. Doc. #1, PageID#2. Although she made these deliveries for FedEx, she was "classified" as an employee of "intermediary employers." *Id.*, PageID#3. FedEx calls these intermediary employers "independent service providers" ("FedEx ISPs"). *Id.*, PageID#2. Plaintiff has filed suit against FedEx alleging, among other things, that she and "thousands of package delivery drivers in Ohio" have worked for FedEx under the ISPs, but have not received overtime pay for their work beyond 40 hours per week in violation of federal and state law. *Id.*, PageID#3. She further alleges that FedEx has violated ERISA by denying them retirement and health benefits. *Id.* at PageID##13-14.

As employees of a FedEx ISP, the package delivery drivers wear a uniform with the FedEx logo and color scheme. *Id.*, PageID#5. They also drive delivery trucks weighing 10,000 pounds or less, with the FedEx name and logo on them. *Id.*; PageID#3. The ISP delivery drivers work out of FedEx-owned and managed terminals where they receive their authorized routes and assignments from managers, package handlers and other FedEx employees who oversee and manage the delivery operations. *Id.*, PageID##3-5. FedEx controls the ISPs and has the authority to require them to terminate the package delivery drivers. *Id.*,

2

the prompt payment of overtime wages, and a claim pursuant to Ohio Revised Code § 2307.60 for statutory damages for injuries caused by a criminal act.[2]

In its Motion, Doc. #11, FedEx argues that it is entitled to a partial summary judgment on Plaintiff's claims for overtime for two reasons. First, it contends that "during a substantial number" of the workweeks, she was "exempt from federal and state overtime requirements" because she drove only vehicles weighing over 10,000 pounds ("heavy" vehicles). Second, when she was operating vehicles under 10,000 pounds and arguably eligible for overtime wages, she was "not on duty more than 40 hours."[3] Doc. #11, PageID#167. In support of its motion, FedEx attaches four declarations: (1) Don Lindner, Senior Manager of the FedEx Ground's Vehicle Maintenance; (2) Robert Noth, District Manager of FedEx Ground Package System, Inc.; (3) Susan Kernen, Senior Paralegal in the

---

[2] Defendant filed a Motion for Judgment on the Pleadings as to Count IV, alleging damages for injuries caused by a criminal act pursuant to Ohio Revised Code § 2307.60, and Count V, alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Count IV. Doc. # 6. In a Decision and Entry filed August 11, 2021, the Court sustained Defendant's motion as to Count V and overruled Defendant's motion as to Count IV. Doc. #13.

[3] Under the FSLA, employers are required to pay time and a half pay for overtime hours. 29 U.S.C. § 207(a)(1). A number of exceptions to this requirement exist with the relevant one in this case being the "Motor-Carrier Exemption." See 29 U.S.C. § 213(b)(1). Under this exemption, drivers who operate vehicles in interstate commerce that are over 10,000 pounds are exempt from the FLSA's mandatory overtime wage provision. However, the "Small-Vehicle Exception" to the Motor Carrier Exemption provides that the FLSA time and a half pay for overtime shall apply under certain circumstances including, but not limited to, when a driver is employed by a motor carrier on public highways in interstate commerce and operating motor vehicles weighing 10,000 pounds or less. Section 306(a) and (c) of the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"). Pub. L. No. 110-224, 112 Stat. 1572 (2008).

3

## II. Standard of Review

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S.

4

662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## III. Law and Analysis

### A. Count V, Plaintiff's Claim for ERISA Benefits (On Behalf of Plaintiff and the Rule 23 Class)

Count V of the Complaint alleges that FedEx violated ERISA because it did not provide "retirement and health benefits" to Plaintiff and "other similarly situated delivery drivers." Doc. #1, PageID#14. Defendant moves for dismissal of this Count. It argues that under the plain language of the Group Health Plan, Retirement Savings Plan and the Pension Plan (collectively, "Plans"),[1] Plaintiff and

---

[1] Defendant has attached to its Answer, Doc. #3, copies of its Group Health Plan for January 2016 through January 2020, Doc.##3-1, 3-2, 3-3, 3-4 and 3-5; and its Retirement Savings Plan for January 2016 and January 2019, Doc. ##3-8 and 3-9. Also attached are Defendant's Pension Plans for January 2015 and January 2020, Doc. ##3-6 and 3-7. Because Plaintiff refers to "certain retirement and health benefits" in Count V of her Complaint, these three sets of exhibits, Doc.##3-1 through 3-9, can be considered as part of the pleadings in ruling on the motion to dismiss. *See Hivner v. Active Elec., Inc.*, 878 F.

5

the putative class members are not "eligible 'participants" and, therefore, lack standing to bring a claim for any benefits under the Plans. For the reasons set forth below, the Court agrees.

Plaintiff argues that she is entitled to benefits under the Plans as an "employee" of FedEx. In order to file a suit for benefits under ERISA, however, an employee status is not enough. Instead she must first show that she has "statutory standing"[2] as a "participant in" one or more of the Plans. 29 U.S.C. 1132(a)(1)(B).[3] As a "participant" Plaintiff must show that she is (1) a common law employee pursuant to the test set forth in *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24, 112 S.Ct. 1344d 581 (1992); and (2) eligible for benefits under the language of the Plans. Because FedEx has agreed for purposes of this Motion that the first requirement is satisfied, the Court determines Plaintiff's eligibility by reviewing the "the plain language" of the Plans giving this language its "literal and natural meaning." *Health Cost Controls v. Isbell*, 139 F.3d 1070, 1072, (6th Cir. 1997) (citation omitted). Based on this review, the Court finds that although the individual Plans provide different benefits with different requirements and

---

Supp. 2d 897, 901 (S.D. Ohio 2012) (Rose, J.) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322–23 (2007)).

[2] Under ERISA, Plaintiff must show "'statutory standing,' (not Article III standing.)" *Bridges v. Am. Elec. Power Co.*, 498 F.3d 442, 444. (6th Cir.2007).

[3] Under 29 U.S.C. 1132(a)(1)(B), persons "empowered to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" are "a participant or beneficiary." Because Plaintiff alleges that she is entitled to ERISA benefits as an employee of FedEx, she brings this action as a participant.

definitions, each of the Plans contains clear and unambiguous exclusions making Plaintiff and the putative class members ineligible for benefits.

Under the Group Health and the Retirement Savings Plans, "a leased employee, an independent contractor, or an agent or employee of an independent contractor" is excluded from the definition of an "Employee." Moreover, the definition of an "Employee" in these two plans state that this exclusion applies "regardless of whether such individual is later reclassified as a common-law employee by a court or government agency having competent jurisdiction." Doc.#3-1 at PageID 42; Doc.# 3-2 at PageID 50; Doc.# 3-3 at PageID 58; Doc.# 3-4 at PageID# 66; and Doc. #3-5 at PageID# 74 (Group Health Plans); Doc. #3-8 at PageID#110 and Doc. #3-9 at PageID#121. Similarly, the Pension Plan excludes "independent contractors or an agent or employee" from its definition of an "Employee" and does so "even if such independent contractor, independent service provider or other person is later determined by a court or administrative agency having competent jurisdiction to be a common law employee of the Employer." Doc. #3-6, PageID#81; Doc. #3-7, PageID#96. Additionally, the Pension Plan's definition of an "Eligible Employee" further excludes Plaintiff and the putative class members who are not employees and are employed by independent contractors. Like the definition of an "Employee," the definition of an "Eligible Employee" states that that the exclusion of independent contractors and their employees applies regardless of any later ruling by a court or

7

administrative agency that the person is a common law employee. Doc. #3-6, PageID ##85-86; Doc.#3-7 at PageID##100-01.

Plaintiff asserts that the exclusions in the Plans are unenforceable. She argues that 29 U.S.C. § 1140 (Section 510), forbidding retaliation and discrimination and 29 U.S.C. 1056(d), prohibiting alienation of pension plan benefits, as well as equitable estoppel and public policy, prohibit FedEx from exercising an "unfettered ability to arbitrarily misclassify employees." Doc. #8, PageID#146-147. The Court has carefully considered Plaintiff's arguments and finds that none of these arguments is a sufficient reason to invalidate the exclusions in the Plans.

Section 510 of ERISA makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or by statute]" 29 U.S.C. §1140. As is evident from the language in this section, "[T]he *sine qua non* of a § 510 claim is the presence of some adverse action done to interfere with an employee's rights," *Ensley v. Ford Motor Co.*, 368 F. App'x 658, 661, (6th Cir. 2010) (quoting *Crawford v. TRW Auto. U.S. LLC*, 560 F.3d 607, 612 (6th Cir.2009)), specifically, an employee's "'pension rights or the expectation of those rights.'" *Mattei v. Mattei*, 126 F.3d 794, 799 (6th Cir.1997) (quoting S.Rep. No. 93–127, reprinted at 1974 U.S. Code Cong. & Admin. News 4838, 4872)." The Complaint, however, does not allege any "adverse

8

action" by FedEx that interfered with Plaintiff's right to any benefit under the Plans. Plaintiff's equitable estoppel argument likewise fails since the Complaint fails to plead any facts supporting her reasonable reliance on the Plans, that she changed her position for the worse and was unaware that she was being misled. *Ohio State Bd. of Pharmacy v. Frantz*, 51 Ohio St.3d 143, 145, 555 N.E.2d 630 (1990) (equitable estoppel applies where a party has reasonably relied on the "conduct of an adversary in such a manner as to change his position for the worse" and "did not know and could not have known" that he was being misled.) Plaintiff's reliance on the anti-alienation provision in 29 U.S.C. § 1056(d) and her argument that "Fedex could remove every employee from their benefit plans at any moment through misclassification, resulting in class-wide waivers without the consent of the employees whose rights were waived," is also without merit. Section §1056(d) pertains to "participants," and any "waivers of benefits" due to misclassification by an employer can be addressed if the "<u>participant</u>" satisfies the requirements of being a common law employee and eligible under the language of the Plans.

Plaintiff's final argument is that the enforcement of the Plans' exclusionary language violates "public policy." Nothing in ERISA, however, requires employers to establish employee benefit plans or to provide any particular benefits. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91, 103 S.Ct. 2890 (1983); *Bauer v. Summit Bancorp*, 325 F.3d 155, 159, (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 887, 116 S.Ct. 1783 (1996). If an employer provides a benefit plan, ". . . the only limitation

ERISA places . . . is in forbidding them to 'deny participation. . . to an employee on the basis of age or length of service if he is at least twenty-one years of age and has completed at least one year of service.'" *Jaeger v. Matrix Essentials, Inc.* 236 F. Supp.2d 815 (N.D. Ohio 2002) (quoting *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1130 (5th Cir.1996)); *See* 29 U.S.C. § 1052(a). Plaintiff has not raised any issue that any of the Plans violates ERISA based on age or years of service.

Despite Plaintiff's arguments to the contrary, under ERISA an employer need not "define its benefits plans in such a way as to provide coverage for all employees. . . [A]n employee may be a common law employee for some purposes, yet not entitled to benefits under a benefit plan." *MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 482 (5th Cir. 2003), *abrogated on other grounds* by *Crowell v. Shell Oil Co.*, 541 F.3d 295 (5th Cir. 2008). Although Plaintiff argues that a plan should not be written so that an employer can ignore a subsequent ruling by a court or administrative agency and continue to exclude groups of individuals, ERISA allows this practice. *See Martinex v. Superior Healthplan*, SA-16-CV-870-XR, 2018 WL 771360 at *1 (D. W.D. TX Jan. 23, 2018) ("In this Plan[,] the employer excluded individuals who may even later be determined to be common law employees. Although this may appear unfair, ERISA allows this practice); *Martin v. Pub. Serv. Elec. & Gas Co.*, No. CIV A 05–5801 DMC, 2006 WL 3491063, at *1 (D.N.J. Dec. 4, 2006) ("Defendants clearly preserved their right under ERISA to exclude from eligibility individuals classified as independent contractors, even those who might otherwise qualify as common law employees"), aff'd on other

grounds, 271 Fed.Appx. 258 (3d Cir. 2008); *Kalksma v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. CIV. 10–2829 DRD, 2011 WL 3703471, at *5 (D.N.J. Aug. 22, 2011 )(" The current situation—where independent contractors are later held to be common law employees—was clearly contemplated and provided for when each plan was drafted. Plaintiffs' "misclassification" argument fails because each plan specifically excludes misclassified employees from benefits.")

For the reasons set forth above, the Court finds that Defendant's Motion for Judgment on the Pleadings as to Count IV is sustained.

### B. Count IV, Damages Pursuant to Ohio Revised Code § 2307.60 (On Behalf of Plaintiff and the Rule 23 Class)

Plaintiff alleges in her Complaint that FedEx committed a "willful violation" of the FSLA entitling her to compensatory and punitive damages under Ohio Revised Code § 2307.60. Defendant argues that "Plaintiff's state-law claim is preempted because it is based entirely on an allegation that FedEx Ground violated the FLSA by failing to pay overtime wages." In support of its argument, FedEx relies on *Torres v. Vitale*, 954 F.3d 866 (6th Cir. 2020).[4]

In *Torres*, a restaurant employee filed a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., alleging a "wage theft scheme" against his employer for, among other things,

---

[4] FedEx also cites to *Collier v. LoGiudice*, 818 F. App'x 506, 510 (6th Cir. Jun. 26, 2020), a case also alleging a civil RICO claim because of the employer's failure to pay overtime wages. The Sixth Circuit affirmed the dismissal citing *Torres*.

11

unpaid overtime and the defendant's failure to pay taxes on certain cash payments it made to him. The district court granted the defendant's motion to dismiss. The Sixth Circuit, however, reversed and remanded. It agreed that the plaintiff's claim of lost wages from the "wage theft scheme" was barred because "the text of the FLSA provides a detailed remedial scheme for its own substantive guarantees of a federal minimum wage and maximum hour work week." *Id.* at 872. The case was remanded to determine if the plaintiff "had adequately pleaded a RICO claim with damages that are distinct from his wage and hour claims." *Id.* at 877.

Unlike the civil RICO claim at issue in *Torres*, § 2307.60 is a statutory cause of action "for damages resulting from any criminal act." *Jacobson v. Kaforey*, 2016-Ohio-8434, ¶ 10, 149 Ohio St. 3d 398, 400, 2016 WL 7449368. Although 29 U.S.C. § 216(a) of the FLSA includes "an 'unusually elaborate' enforcement scheme" that provides "for criminal penalties for willful violations of the statute," *Torres*, 954 F.3d at 872 (quotations omitted), Plaintiff has also pled a violation of OMFWSA, Ohio Revised Code § 4111.011, et seq., and a violation of Ohio's Prompt Pay Act, Ohio Revised Code § 4113.15.[5] Although both of these state law claims, as currently pled, rise and fall with Plaintiff's claim under the FLSA, dismissal of Count IV on the basis of preemption, at this stage of the case without

---

[5] Plaintiff has not argued in this motion that these two state law claims are preempted by the FLSA.

12

the benefit of any discovery and development of additional facts, is not warranted. The standard employed in ruling on Defendant's motion "simply calls for enough facts" in the Complaint "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Accordingly, Defendant's motion to dismiss Count IV, Ohio Revised Code § 2307.60, is overruled. *Id.*

## IV. Conclusion

For the reasons set forth in this Decision and Entry, Defendant's Motion for Judgment on the Pleadings. Doc. #6, is SUSTAINED as to Count V, alleging the denial of benefits in violation of ERISA, and OVERRULED as to Count IV, alleging damages pursuant to Ohio Revised Code § 2307.60.

Date: August 10, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE