IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAWANNA OGLESBY,

     Plaintiff,

    v.

FEDEX GROUND PACKAGE
SYSTEM, INC.,

     Defendant.

:

:

:

:

Case No. 3:20-cv-346

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #11)
WITHOUT PREJUDICE TO REFILING AND SUSTAINING PLAINTIFF'S RULE 56(d)
MOTION TO CONDUCT DISCOVERY (DOC. #13)

---

This matter is before the Court pursuant to a Motion for Partial Summary

Judgment ("Motion"), Doc. #11, filed by Defendant, FedEx Ground Package

System, Inc. ("Defendant" or "FedEx"). Plaintiff has filed a "Response in

Opposition to Defendant's Motion for Partial Summary Judgment and Rule 56(d)

Motion to Conduct Discovery." Doc. #13. She has also attached as an exhibit to

her Response a declaration of counsel and copies of emails exchanged between

counsel concerning discovery. Doc. #13-1.[1]

---

[1] Rule 56(d) of the Federal Rules of Civil Procedure does not require a motion for discovery but only an affidavit or declaration stating that the nonmovant for summary judgment cannot "present facts essential to justify its opposition."

For the reasons set forth below, the Court overrules Defendant's Motion for Partial Summary Judgment, Doc. #11, without prejudice to re-filing, and sustains Plaintiff's Motion for Discovery Pursuant to Fed. R. Civ. P. 56(d).

## I. Background

Plaintiff, Tawanna Oglesby brings suit on her behalf and as a collective and class action lawsuit against FedEx. She alleges that she and other putative class members were package delivery drivers for FedEx but were "classified" as employees of "intermediary employers." Defendant referred to these employers as "independent service providers" ("FedEx ISPs"). Doc. #1, PageID##2-3. The FedEx ISP package delivery drivers wore a FedEx uniform and drove trucks that had the FedEx logo and color scheme and weighed less than 10,000 pounds. FedEx and its employees controlled the FedEx ISPs including the ability to require them to terminate the package delivery drivers.

The Complaint alleges that Plaintiff and other similarly situated package delivery drivers were not paid overtime wages for hours worked by them in excess of 40 per week in violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq., and the Ohio Minimum Wage Fairness Act ("OMFWSA"), Ohio Revised Code § 4111.01, et seq. The Complaint also includes a claim under Ohio's Prompt Pay Act, Ohio Revised Code § 4113.15, for Defendant's violation of

2

the prompt payment of overtime wages, and a claim pursuant to Ohio Revised Code § 2307.60 for statutory damages for injuries caused by a criminal act.[2]

In its Motion, Doc. #11, FedEx argues that it is entitled to a partial summary judgment on Plaintiff's claims for overtime for two reasons. First, it contends that "during a substantial number" of the workweeks, she was "exempt from federal and state overtime requirements" because she drove only vehicles weighing over 10,000 pounds ("heavy" vehicles). Second, when she was operating vehicles under 10,000 pounds and arguably eligible for overtime wages, she was "not on duty more than 40 hours."[3] Doc. #11, PageID#167. In support of its motion, FedEx attaches four declarations: (1) Don Lindner, Senior Manager of the FedEx Ground's Vehicle Maintenance; (2) Robert Noth, District Manager of FedEx Ground Package System, Inc.; (3) Susan Kernen, Senior Paralegal in the

_____

[2] Defendant filed a Motion for Judgment on the Pleadings as to Count IV, alleging damages for injuries caused by a criminal act pursuant to Ohio Revised Code § 2307.60, and Count V, alleging a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Count IV. Doc. # 6. In a Decision and Entry filed August 11, 2021, the Court sustained Defendant's motion as to Count V and overruled Defendant's motion as to Count IV. Doc. #13.

[3] Under the FSLA, employers are required to pay time and a half pay for overtime hours. 29 U.S.C. § 207(a)(1). A number of exceptions to this requirement exist with the relevant one in this case being the "Motor-Carrier Exemption." See 29 U.S.C. § 213(b)(1). Under this exemption, drivers who operate vehicles in interstate commerce that are over 10,000 pounds are exempt from the FLSA's mandatory overtime wage provision. However, the "Small-Vehicle Exception" to the Motor Carrier Exemption provides that the FLSA time and a half pay for overtime shall apply under certain circumstances including, but not limited to, when a driver is employed by a motor carrier on public highways in interstate commerce and operating motor vehicles weighing 10,000 pounds or less. Section 306(a) and (c) of the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"). Pub. L. No. 110-224, 112 Stat. 1572 (2008).

legal department of FedEx Ground Package System, Inc.; and (4) Kelly Ball, Authorized Officer ("AO") for Fast Ball Trucking, Inc., a former employer of Plaintiff. Doc. ##11-1,11-2, 11-3, 11-4. It argues that these declarations, and the approximately 120 pages of exhibits attached to the Kernen Declaration, establish "undisputed material facts." Doc. #11, PageID##168-171. Based on these declarations and exhibits, FedEx moves for partial summary judgment on Plaintiff's overtime claims for the following date ranges: August 15, 2017 – September 23, 2017; October 10, 2017 – April 6, 2018; April 17, 2018 – April 27, 2018; May 15, 2018 – July 31, 2018; August 14, 2018 – November 9, 2018; and November 20, 2018 – June 22, 2020. Doc. #11, PageID#179. It asserts that if its Motion is granted, only seven workweeks will be in dispute. *Id.*

Plaintiff argues that she is unable to respond substantively to the Motion for Partial Summary Judgment because she has not had the opportunity to conduct any discovery. She requests, pursuant to Federal Rule of Civil Procedure 56(d), that the Court defer ruling on the Motion until she has had an opportunity to conduct reasonable discovery.

## II. Fed.R.Civ.P. 56(d)

Federal Rule of Civil Procedure 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue

4

any other appropriate order." In determining whether to grant a request under Rule 56(d), the court should consider: (1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery could make a difference in the outcome of the pending motion; (3) how long the discovery period has lasted; (4) whether the movant has been dilatory in its discovery efforts; and (5) whether the opposing party was responsive to prior discovery requests. *See Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir.2006) (citing *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir.1995)).

As the non-movant, Plaintiff has the obligation to inform the Court of her need for discovery. One of her attorneys, Clifford P. Bendau, II, has submitted a declaration ("Bendau Declaration") in conjunction with her Rule 56(d) Motion for Discovery.

The Bendau Declaration states that Plaintiff has been unable to obtain any discovery from FedEx. Specifically, the declaration states that on December 15 and 17, 2020, counsel for Defendant was contacted to schedule a Rule 26(f) conference to begin discovery. Doc. #13-1, PageID##359-360. FedEx declined this request and on January 4, 2021, filed its Motion for Partial Summary Judgment. Thereafter, emails attached as exhibits to the Bendau Declaration show that pursuant to Local Rule 7.2(d),[4] Plaintiff proposed the parties enter into a

_____

[4] S.D. Ohio Civ. R 7.2(d) reads, in part, as follows: (d) Evidence Supporting Motions - Deadlines. When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. . . If evidence is not

5

stipulation concerning the briefing schedule for Plaintiff to respond to Defendant's Motion. Plaintiff further stated what discovery it needed to respond to the Motion. *Id.* PageID##369-371. Defendant's counsel, however, declined to enter into a stipulation and continued to refuse to engage in any discovery.

Here, because there has been no discovery and Defendant's motion was filed approximately three months after the filing of its Answer, the only *Plott* factor at issue is whether Plaintiff's desired discovery could make a difference in the outcome of the pending motion.

The Bendau Declaration states that to respond to Defendant's motion, he will need to depose fact witnesses, cross-examine those individuals who provided declarations to FedEx and serve written discovery. Specifically, he states that he needs to review the "adequacy and accuracy" of the records of FedEx and the FedEx ISPs, find out if Defendant required or allowed Plaintiff and the putative class/collective to work while "off the clock," determine the actual weight of the "heavy" vehicles that were operated and confirm the weeks when Plaintiff drove vehicles that weighed 10,000 pounds or less. Doc. #13-1, PageID#360. The Bendau Declaration further states that Plaintiff's time, compensation and other

---

available to meet this schedule or circumstances exist as addressed by Fed. R. Civ. P. 56(d), counsel shall consult one another and attempt to stipulate to a joint motion for extension of the schedule established by this Rule; failing agreement, counsel shall promptly bring the matter to the attention of the Court. Assignment of any motion for oral argument or a conference with the Court shall not extend these deadlines for the submission of evidence.

employment records, including those in the possession of third parties, have not been reviewed.

Although Rule 56(b) of the Federal Rules of Civil Procedure permits the filing of a motion for summary judgment at this early stage, Plaintiff is entitled to conduct discovery so the Court can determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Based on the Bendau Declaration, the Court finds that the discovery sought by Plaintiff could make a difference in the outcome of the Motion. *Plott* at 71 F.3d 1197.

Because Plaintiff must be given a reasonable opportunity to conduct discovery before responding to Defendant's Motion for Partial Summary Judgment, Doc. #11, the Motion is overruled without prejudice to refiling. Plaintiff's Motion for Discovery Pursuant to Fed. R. Civ. P. 56(d), Doc. #13, is sustained.

## III. Conclusion

For the reasons set forth above, Defendant's Motion for Partial Summary Judgment, Doc. #11, is OVERRULED without prejudice to refiling. Plaintiff's Motion to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(d), Doc. #13, is SUSTAINED.

Date: August 11, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE