IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TAWANNA OGLESBY, : | |
| Plaintiff, | |
| v. : | Case No. 3:20-cv-346 |
| FEDEX GROUND PACKAGE SYSTEM, INC., *et al*, : | JUDGE WALTER H. RICE |
| Defendant. : | |

DECISION AND ENTRY OVERRULING DEFENDANT FEDEX'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT (DOC. #31)

Plaintiff, Tawanna Oglesby, has filed an amended collective and class action Complaint, Doc. #30, against FedEx Ground Package System, Inc. ("FedEx"), Giacherio, Inc. ("Giacherio"), Fast Ball Trucking, Inc. ("Fast Ball Trucking") and John Doe Corporations I-X (collectively "Defendants"). This matter is before the Court pursuant to FedEx's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint. Doc. #31. The Motion has been fully briefed by both parties, Docs. ##35-36, and is now ripe for decision.

## I. Background

According to Plaintiff's First Amended Complaint, from approximately October 2016 through June 2020, Plaintiff worked in and around Dayton, Ohio, as a package delivery driver making deliveries for FedEx. Doc. #30, PageID#519. Although she made the deliveries for FedEx, she was "classified" as an employee of "intermediary employers." *Id.* at PageID#525. FedEx refers to these intermediary employers as "independent service providers." ("FedEx ISPs"). *Id.* at PageID#519. Plaintiff has filed suit against FedEx, Giacherio, Fast Ball Trucking, and John Doe Corporations I-X alleging, among other things, that she and "thousands of package delivery drivers in Ohio" have worked for FedEx under the ISPs but have not received overtime pay for their work beyond forty hours per week in violation of federal and state law. *Id.* at PageID#518.

As employees of a FedEx ISP, the package delivery drivers are required to wear a uniform with the FedEx logo and color scheme. *Id.* at PageID#527. They also drive delivery trucks weighing 10,000 pounds or less, with the FedEx name and logo on them. *Id.* at PageID#525. The ISP delivery drivers work out of FedEx-owned and managed terminals where they receive their authorized routes and assignments from managers, package handlers and other FedEx employees who oversee and manage the delivery operations. *Id.* at PageID#525-27. FedEx controls the ISPs and has the authority to require them to terminate the package delivery drivers. *Id.* at PageID#528.

2

## II. Legal Analysis

### A. Introduction

FedEx has filed a Motion seeking dismissal of Count IV of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. #31. Count IV alleges that FedEx has "willfully violated" the Fair Labor Standards Act ("FLSA") and that those violations entitle Plaintiff and the Rule 23 class to file a civil suit for compensatory and punitive damages pursuant to Ohio Revised Code § 2307.60. Doc. #30, PageID#535. Because Count IV of the Amended Complaint is identical to Count IV of the original Complaint, Doc. #1, PageID#13, FedEx asserts in this Motion that it "renews" its original argument, made in its Motion for Judgment on the Pleadings. Doc. #31, PageID#545; *see also* Doc. #6. The Court previously overruled FedEx's prior Motion regarding Count IV. Doc. #23.

### B. The Rule12(b)(6) Motion Must Be Overruled.

When a plaintiff files an amended complaint that is ". . . identical" to its original complaint, courts have construed a defendant's second motion to dismiss as a motion for reconsideration. *See e.g., Universal Surveillance Corp. v. Checkpoint Sys.*, Case no. 5:11-CV-1755, 2013 U.S. Dist. LEXIS 187038, *12 (N.D. Ohio Sept. 28, 2013) ("[A] motion to dismiss an amended complaint is no more than a motion for reconsideration to the extent that it simply restates arguments already considered and rejected with respect to the original complaint.").

Motions for reconsideration are treated as motions to amend a judgment pursuant to Rule 59(e). A motion for reconsideration should only be granted: "(1)

3

to accommodate an intervening change in the controlling law; (2) to account for new evidence not available at the time of trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019) (quoting *Berridge v. Heiser*, 993 F. Supp 1136, 1146-47 (S.D. Ohio 1997)); *see also Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) ("Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier.").

In *Universal Surveillance Corp.*, the district court analyzed whether a second amended complaint should survive a Rule 12(b)(6) motion. *See Universal Surveillance Corp.*, 2013 U.S. Dist. LEXIS 187038 at *4-5. The plaintiff filed its initial complaint, to which the defendant responded by filing its first motion to dismiss. *Id.* at *5. The defendant's Rule 12(b)(6) motion was denied. *See id.* The plaintiff then amended its complaint on two separate occasions, but all three versions were "virtually identical" to one another. *Id.* at *7, 9. The defendant subsequently filed a second motion to dismiss. *Id.* at *11.

In denying the second motion to dismiss, the district court construed the motion as a motion for reconsideration. *Id.* at *11-15.[1] The court reasoned that

---

[1] The district court also stated that the "law of the case" doctrine could be applied in this instance. *See Universal Surveillance Corp.*, 2013 U.S. Dist. LEXIS 187038, at *13-15. Under law of the case doctrine, "the decision of [the] court at one stage of the case is binding in successive stages of the same litigation." *Id.* at *13 (quoting *League of Women Voters of Ohio v. Blackwell*, 432 F. Supp.2d 734, 739 (N.D. Ohio 2006)). Even if the Court were to apply the law of the case doctrine here, it would not alter the Court's conclusion.

4

"[g]iven that the now-operative second amended complaint and the original complaint are *virtually identical* . . . and given that the applicable legal standard is unchanged, it simply has to be the case that the Court's original conclusion denying the motion to dismiss remains entirely germane." *Id.* at *15.

The Court believes *Universal Surveillance Corp.* is instructive here. Count IV of Plaintiff's Amended Complaint is identical to Count IV of Plaintiff's initial Complaint. *See* Docs. ##1, 30. Defendant "renews" the same arguments in this Motion as it previously raised in its Motion for Judgment on the Pleadings.[2] *See* Doc. #31, PageID#545; *see also* Doc. #6. Additionally, Defendant has not argued any change in applicable law. *See* Doc. #31. As such, the Court believes "[its] original conclusion denying the motion to dismiss remains entirely germane" in this case. *Universal Surveillance Corp.*, 2013 U.S. Dist. LEXIS 187038 at *15. Therefore, Defendant's Motion must be denied.

## III. Conclusion

For the foregoing reasons, FedEx's Motion to Dismiss Count IV of Plaintiff's First Amended Complaint, Doc. #31, is OVERRULED.

---

[2] Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010); *see also* Doc. #23.

5

Date: February 24, 2022

*signature*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE