IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAWANNA OGLESBY | : | |
| Plaintiff, | : | Case No.: 3:20-cv-00346-WHR-PBS |
| vs. | : | District Judge: Walter H. Rice<br>Magistrate Judge: Peter B. Silvain, Jr. |
| FEDEX GROUND PACKAGE SYSTEM,<br>INC., GIACHERIO, INC., ET AL. | : | |
| Defendants. | : | |

**FEDEX GROUND'S BRIEF REGARDING FLSA COLLECTIVE-ACTION CERTIFICATION AND THE SCOPE OF PRE-CERTIFICATION DISCOVERY**

FedEx Ground Package System, Inc. ("FedEx Ground") submits this brief in advance of the upcoming status conference on June 29, 2022, to address Plaintiff's request for full discovery before moving to conditionally certify the proposed FLSA collective. Such broad discovery is not contemplated by the recognized procedure followed in FLSA collective actions. To the contrary, that procedure contemplates discovery of the particular individuals who choose to opt-in to the lawsuit, if a collective is conditionally certified at all (which, in this case, it should not be), after notice has been issued and the opt-in period closes.[1]

The FLSA authorizes collective actions on behalf of named plaintiffs and other employees who are "similarly situated," 29 U.S.C. § 216(b), meaning they are subject to "a single, FLSA-violating policy" or their claims are otherwise "unified by common theories of defendants' statutory violations," *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017). Given the FLSA's opt-in and notice requirements, district courts in the Sixth Circuit use a two-stage certification process to determine whether members of the collective are similarly situated. *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012).

The first stage, known as "conditional certification," occurs at the beginning of discovery and is intended to facilitate notice of the collective action.[2] *Holder v. A&L Home Care & Training*

---

[1] Unlike Rule 23, the FLSA requires that collective-action members affirmatively "opt in" to the lawsuit by filing their written consent to join the action. 29 U.S.C. § 216(b). For that reason, employees who opt in to the action "are party plaintiffs, unlike absent class members in a Rule 23 class action." *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 583 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016).

[2] District courts have "both the duty and the broad authority" to manage and supervise the process of sending notice to potential opt-in plaintiffs, so as to deter "the potential for the misuse of the class device." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). For that reason, numerous courts have denied discovery regarding the identity and contact information for potential opt-in plaintiffs before conditional certification. *See, e.g.*, *Osborne v. Nicholas Fin. Inc.*, No. 3:12-0185, 2013 WL 1182682, at *3 (M.D. Tenn. Mar. 21, 2013) (holding that "discovery of the names and contact information of potential opt-in plaintiffs [before conditional certification] is premature" and "likely to impair the Court's ability to supervise the process of

*Ctr., LLC*, 552 F. Supp. 3d 731, 738 (S.D. Ohio 2021). At this stage, the court applies a "fairly lenient standard" that requires a "modest factual showing" that the plaintiff is similarly situated to members of the proposed collective. *Id.* at 738, 741 ("The evidence must set forth facts that enable a court to reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff." (internal quotation marks omitted)). The court "generally does not consider the merits of plaintiff's claims" or the defendant's evidence that the plaintiffs are not, in fact, similarly situated. *Loomis v. Unum Grp. Corp.*, 539 F. Supp. 3d 898, 905 (E.D. Tenn. 2021); *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1076 (M.D. Tenn. 2015).

The second-stage certification analysis occurs after the close of discovery, when the court must assess "whether the assembled class [of opt-ins] may continue as a collective action or whether [it] should be decertified, leaving plaintiffs free to pursue their claims individually." *Roby v. Lincoln Elec. Co.*, No. 1:18-CV-006, 2021 WL 722680, at *3 (N.D. Ohio Feb. 24, 2021) (emphasis added). At that point, the court applies a "stricter standard" that calls for examining all the evidence to make a factual determination as to "whether particular members of the [collective] are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) (emphasis added). Accordingly, the purpose of discovery before final certification of an FLSA collective is to determine whether the individuals who have actually opted in to the action are similarly situated to the named plaintiffs.

---

providing notice to absent class members"); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (holding that requests for the identity of potential collective action members were "premature" because "no collective action has been conditionally certified"); *Tracy v. Dean Witter Reynolds*, Inc., 185 F.R.D. 303, 304-06, 309, 311-13 (D. Colo. 1998) (refusing to permit class discovery outside the one office where the plaintiffs worked because the plaintiffs had not yet proven a nationwide policy and had not yet obtained any class certification).

Though not the norm, in situations where the parties have engaged in substantial discovery before conditional certification of an FLSA collective, courts apply a more exacting standard to the plaintiff's motion for conditional certification. *See, e.g.*, *Bunyan v. Spectrum Brands, Inc.*, No. 07-cv-0089-MJR, 2008 WL 2959932, at *3 (N.D. Ill. July 31, 2008) ("It is clear that courts permit a more lenient showing in the first stage because the parties have usually had very little time for discovery and minimal evidence is available at the time. Courts also recognize that once substantial discovery has been conducted, plaintiffs face a higher burden in proving that they and potential class members are similarly situated." (citing cases)). Thus, should the Court allow Plaintiff to undertake substantial discovery before moving to certify an FLSA collective (even conditionally), she should be held to the stricter standard of stage two certification when she does move to certify that collective.

What is most notable in this case in particular is that Plaintiff <u>agreed</u> to this limited approach to preliminary discovery when the Parties filed their first Rule 26(f) report in June of 2021:

> Unless and until a class is conditionally certified under the FLSA or certified under Rule 23, discovery should be limited to Plaintiff, Plaintiff's employing Service Providers, and FedEx Ground documents, information, and witnesses related to Plaintiff and Plaintiff's employing Service Providers on the issues of unpaid overtime and joint employment. Class-wide and collective action-wide discovery should not commence unless and until after the issue of conditional certification is resolved (assuming that issue is resolved before Rule 23 certification).
>
> Under the FLSA, discovery is permitted as to opt-in Plaintiffs, but the parties need to know who those opt-in Plaintiffs are before engaging in that discovery. It would inefficient and wasteful to do discovery as to all Ohio drivers when (1) Rule 23 cases are meant to be representative in nature, and (2) the opt-in rate in FLSA collective actions is usually well below 100%.

(Rule 26(f) Report of Parties, ECF 18, at 4-5.) The only change since that time is that Plaintiff has delayed in taking this agreed-on discovery. Indeed, of the four discovery requests Plaintiff

has made in this case in total, two have nothing to do with this agreed-on discovery but, rather, requested all contact information and contracts of all Service Providers in the state—in direct conflict with the Parties' agreement in ECF 18. (*See* Pl.'s First Interrogs. & Req. for Produc. to Def. FedEx Ground Package Sys., Inc., attached as Ex. A.) When FedEx Ground objected and conferred with Plaintiff, it pointed Plaintiff to this very agreement in ECF 18 as the basis for its objections and Plaintiff acknowledged the agreement and did nothing further.

The sole basis for Plaintiff's new position related to discovery is that "this matter has been pending since August 20, 2020" and it "would be inefficient and lead to further delay to bifurcate discovery into and [sic] FLSA conditional certification phase followed by a Rule 23 certification phase." (ECF 47 at 5.) There is no basis whatsoever to permit Plaintiff to disregard the Parties' previous agreement or the case law FedEx Ground discusses above to be entitled to broader discovery because she has delayed the prosecution of her case. FedEx Ground has been taking the discovery it is entitled to regarding Plaintiff, while Plaintiff has served just four discovery requests (only two of which relate to Plaintiff and her employing Service Providers). Such a ruling would be substantially prejudicial and unfair to FedEx Ground, waste substantial resources of the Parties and the Court, and be unsupported by case law.

Further, Plaintiff's new position is wrong. If conditional certification is granted, then the discovery related to opt-in Plaintiffs will serve as discovery related to Rule 23 certification; there need not be "bifurcation" of FLSA and Rule 23 class certification discovery as Plaintiff has framed it. And, if conditional certification is denied, then the discovery will never be needed (because of the "rigorous" standard applied to Rule 23 certification, FedEx Ground has not found any case where a Rule 23 class was certified after conditional certification had already been denied).

4

Dated:  June 27, 2022	Respectfully submitted,

*/s/ Jessica G. Scott*
Joseph A. Farchione (0039199)
Jessica G. Scott (admitted *pro hac vice*)
David J. Schaller (admitted *pro hac vice)*
Natalie R. Colao (admitted *pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:	303.244.1800
Facsimile:	303.244.1879
Email:	farchione@wtotrial.com
	scott@wtotrial.com
	schaller@wtotrial.com
	colao@wtotrial.com


Attorneys for Defendant
FedEx Ground Package System, Inc.

# CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on June 27, 2022, I electronically filed the foregoing **FEDEX GROUND'S BRIEF REGARDING FLSA COLLECTIVE-ACTION CERTIFICATION AND THE SCOPE OF PRE-CERTIFICATION DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **James L. Simon**
  jameslsimonlaw@yahoo.com

- **Clifford Bendau II**
  cliffordbendau@bendaulaw.com; cliff@bswages.com

- **Michael Fradin**
  mike@fradinlaw.com, mikefradin@gmail.com

- **Andy Vollmar**
  avollmar@bcvalaw.com

- **James Gerard Kordik**
  jkordik@rogersgreenberg.com


*/s/ Jessica G. Scott*