# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TAWANNA OGLESBY | Case No.: 3:20-cv-00346-WHR |
| Plaintiff, | HONORABLE WALTER H. RICE |
| v. | Magistrate Judge: Peter B. Silvain, Jr. |
| FEDEX GROUND PACKAGE SYSTEM, INC., | CIVIL ACTION |
| Defendant. | |

**GIACHERIO, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Giacherio Inc. respectfully asks this court to overrule Plaintiff's motion for preliminary certification of a collective action under Fair Labor Standards Act (FLSA). Plaintiff has not provided this court with modest factual support for establishing Giacherio Inc. had a policy of not paying drivers for overtime in violation of the FLSA. Thus, preliminary certification of a collective action is not appropriate.

**Applicable Standard**

The Sixth Circuit uses a two-step approach for authorizing collective action certification. *Gaffers v. Kelly Services, Inc.*, 203 F. Supp. 3d 829, 2016 U.S. Dist. LEXIS 112789, *32-33 (E.D. Mich. Aug. 24, 2016) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir.2006). At the first step, the plaintiff bears the burden of showing that the employees in the

class which plaintiff seeks to notify are "similarly situated." *Comer*, supra at 547, (citing *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) (to gain court approval for notice to similarly situated persons, plaintiffs must "make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law").

"Courts have discretion to conditionally certify a class for purposes of serving notice, but only 'in appropriate cases.'" *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862, 868 (S.D.Ohio 2005)(citing *Hoffmann-LaRoche Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).* In *Harrison*, the court stated, "Conditional certification is appropriate only if Plaintiff can show that other potential class members exist who are similarly situated to her. As noted earlier, courts are split concerning what is needed, at this stage of the litigation, to show that other employees are "similarly situated." While some courts have held that mere allegations of a class-wide practice are sufficient, others require at least modest factual support for those allegations*." Id.* citing, *Pritchard v. Dent Wizard Internatl. Corp.*, 210 F.R.D. 591, 595-596. (S.D.Ohio 2002).

Conditional certification, for purposes of notifying the putative class members of their right to opt in, should not be granted unless the plaintiff presents some evidence to support her allegations that others are similarly situated. *See D'Anna v. M/A-COM, Inc.,* 903 F. Supp. 889, 893-94 (D. Md. 1995)("the better reasoned cases require the plaintiff to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists" so to "avoid the 'stirring up' of litigation through unwarranted solicitation"). Before subjecting an employer to the burdens of a collective action, "plaintiffs must establish a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." *Severtson v. Phillips Beverage Co.,* 137 F.R.D.

264, 267 (D. Minn. 1991). See also *Jackson v. New York Telephone Co., 163 F.R.D. 429, 432* (S.D.N.Y. 1995)(holding that plaintiffs must "demonstrate a factual nexus" that supports a finding that potential plaintiffs were similarly situated).

Employees are "similarly situated" if they were subject to "a single, FLSA-violating policy" by their employer, or if their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct...." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017)(quoting *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009)).

But conditional certification of a collective action is not merely a rubber stamp. Before subjecting an employer to the significant and costly burdens of a collective action, even at the preliminary notice stage, Plaintiff must demonstrate that she and the putative plaintiffs they seek to represent "together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (citing *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). To satisfy this standard, Plaintiff must, at a minimum, make specific factual allegations, supported by affidavits or other evidence, sufficient to establish that the putative class members are similarly situated and desire to participate in the lawsuit. *29 U.S.C. § 216(b)*. While Plaintiffs' burden of proof is modest, "it is not non-existent - 'certification is not automatic.'" *Romero v. H.B. Auto. Group, Inc.*, No. 11-CV-386, 2012 U.S. Dist. LEXIS 61151, at *27 (S.D.N.Y. May 1, 2012). Courts typically require a sworn statement from at least one other employee to support a finding that the plaintiff is similarly situated to other putative class members. *Church v. Pine Club, LLC*, S.D.Ohio No. 3:20-cv-135, 2021 U.S. Dist. LEXIS 131666, at *13 (July 15, 2021).

## Plaintiff's Declarations

From the two declarations attached to Plaintiff's motion, it seems clear Plaintiff intends to compare herself to all other ISP employed delivery drivers across Ohio, regardless of whether Giacherio or some other Independent Service Privder (ISP) employed the driver. Essentially, Plaintiff alleges Fed Ex Ground Package Systems Inc. (Fed Ex Ground) required the ISP employers to pay delivery drivers on a flat daily rate basis while requiring drivers to work more than 40 hours.

The FLSA authorizes employers to pay employees a daily flat rate of pay. See *29 C.F.R §778.112*. So even if true, Giacherio's (and the other ISP employer's) alleged practice of paying a daily flat rate of pay to delivery drivers would not violate the FLSA.

The central issue raised by Plaintiff's and Ms. Venable's declarations necessarily focuses on whether Fed Ex Ground required Giacherio and other ISP companies to implement a common policy of requiring delivery drivers who only operated vehicles under 10,000 GVWR to work more than 40 hours without overtime pay. The two declarations attached to Plaintiffs' motion fail to establish a shared policy of not paying overtime to this narrow class of drivers who only drove vehicles under 10,000 GVWR, and the declarations of Benita Giacherio (attached as Exhibit A hereto) and Kelly Ball (Document 11-4) establish no such policy existed.

Plaintiff's declaration does not provide any modest factual support of a policy that violated the FLSA. For example, in paragraphs 8-9 of Tawanna Oglesby's declaration, Ms. Oglesby states that from approximately August 17 of 2017 until October 11, 2019, she worked for Giacherio Inc. And she states that from October 12, 2019, to June 22, 2020, she worked for Fast Ball Trucking. In paragraph 13, she states that in September or October of 2019, she had a

conversation with a Fed Ex Ground manager in which she asked about overtime pay. The Fed Ex Ground manager supposedly told her to direct her questions to her ISP. In paragraph 14, her declaration goes on to indicate that sometime after she asked the Fed Ex Ground manager about overtime, she approached her ISP manager about this. She does not identify this ISP Manager or state whether that person was a manager for Giacherio Inc. or Fast Ball. She claims the ISP manager (identified by only by the pronoun "he") told her that "because we worked for ISPs as contractors, we received daily rates and were not entitled to be paid overtime." *Id.*

On or about October 12, 2019, Tawanna Oglesby started working for Fast Ball Trucking, Inc. (See *Oglesby Declaration*, ¶9). Kelly Ball is an officer of Fast Ball Trucking Inc. (*Ball Declaration, Doc 11-4, filed on 1-4-21 as Exhibit D to Fed Ex's Motion to Dismiss*). Mr. Ball's declaration states that Tawanna Oglesby's primary vehicle at Fast Ball had a weight of over 10,000 GVWR (see *Id*. at ¶4). In the few weeks Tawanna drove a vehicle under 10,000 GVWR for Fast Ball, she worked fewer than 40 hours. (*Id*. at ¶5). Thus, Fast Ball (who appears to be Tawanna's ISP employer at the time of her one and only alleged conversation with her employer about overtime pay) plainly did not have a policy that both affected Tawanna Oglesby and violated the FLSA.

Tawanna Oglesby's alleged conversation with an unidentified manager of an unidentified ISP is hearsay. But even assuming this conversation occurred, it does not provide modest factual support that Giacherio Inc. shared a common policy with any other ISP employers to deny overtime pay to delivery drivers who operated vehicles under 10,000 GVWR. And she appears to have had had this alleged conversation with her manager at Fast Ball, who clearly did not have such a policy.

Simply stating that delivery drivers worked more than 40 hours while being paid a flat daily rate does not establish any ISP employer had a policy in violation of the FLSA. Further, even if there were drivers who worked more than 40 hours, and even if their ISP employers paid those drivers a daily rate, that would not necessarily mean the ISP employers shared a common policy of not paying drivers of vehicles under 10,000 GVWR for overtime.

At most, the two declarations attached to Plaintiff's motion (if assumed to be true) establish facts that two individual drivers employed by different ISP providers were not paid for overtime while driving vehicles under 10,000 GVWR. But Plaintiff has yet to establish any ISP provider adopted a policy affecting all delivery drivers of vehicles under 10,000 GVWR.

Further, Plaintiff fails to establish Giacherio Inc. had a policy of denying overtime to delivery driver employees. Notably, Ms. Venable does not allege that she worked for Giacherio Inc. Other than Tawanna Oglesby, she does not identify any other employees of Giacherio Inc. with whom she supposedly spoke. Furthermore, Plaintiff did not allege that she spoke with any other employee or any manager at Giacherio Inc. about overtime pay.

Plaintiff did not attach to her motion for preliminary class certification a declaration of any other employee of Giacherio Inc. Thus, even if Giacherio Inc. failed to pay overtime pay to Tawanna Oglesby, (a claim which Giacherio denies), it would be pure speculation to say that this resulted from a Giacherio Inc. policy towards its employee drivers who used vehicles under 10,000 GVWR for an entire week.

Ms. Venable alleges no facts suggesting the pay she received from her employers was calculated by any method used by Giacherio Inc. She makes no mention of bonus pay. We have no way of knowing whether her employment experience was similar to that of any Giacherio Inc. driver, including Tawanna Oglesby.

**Benita Giacherio Declaration**

The declaration of Benita Giacherio is attached as Ex A hereto. Benita Giacherio did not tell Tawanna Oglesby that Giacherio Inc. did not pay overtime pay to delivery drivers. *See ¶ 18.* Further, Fed Ex Ground did not instruct Giacherio Inc. on how to pay its delivery drivers. *See ¶18.* Giacherio Inc. determined how to pay its delivery drivers, and it used a flat daily rate plus up to two weekly bonuses based on customer service feedback and the number of packages delivered. *See ¶ 12.*

Further, Giacherio Inc. allowed the drivers to manage their own schedules. *See ¶ 21.* Even if Giacherio Inc.'s delivery drivers arrived early and/or stayed late, it would not necessarily mean those drivers worked overtime. *Id.* Giacherio Inc. permitted its drivers to take breaks for lunch or other personal reasons, run personal errands, and make personal phone calls. *Id.* The delivery drivers were free to complete their routes with or without breaks. *Id.*

We don't know if the other ISP employers referenced in Plaintiff's or Ms. Venable's declarations had similar policies. Knowing this is important because it determines if those people allegedly coming early or staying late actually worked overtime.

Further, Giacherio Inc. determined each driver's daily flat rate of pay, the driver's eligibility for bonuses, and the amount of the bonuses each driver received without consulting Fed Ex Ground or any other ISP service provider. *Id. at ¶¶16, 19.* Thus, to say Giacherio Inc.'s drivers were similarly situated to other delivery drivers across Ohio who worked over 40 hours a week is mere conjecture. To reach this conclusion, we'd have to know the other drivers' daily rates, whether they received bonus pay, the bases for calculating bonus pay and whether the drivers took breaks during the day.

For each pay period in which Giacherio Inc. employed Tawanna Oglesby, Giacherio Inc. determined if Tawanna was eligible for bonus pay. *Id.* This is also true of the other Giacherio Inc. employees. *Id. at ¶19.* And if Tawanna Oglesby or any other Giacherio employee qualified for the bonus pay, Giacherio Inc. determined the amount of bonus each employee would receive. *Id.* Fed Ex Ground did not determine any of this. *Id. at ¶15*. Other than saying delivery drivers were paid a flat daily rate, which Plaintiff does not allege to be the same for all drivers, there is no basis for comparing Giacherio Inc.'s employees and ISP employed drivers across Ohio. Thus, we cannot say those drivers were "similarly situated."

### Why we don't have a putative class

The declarations of Plaintiff and Ms. Venable fail to provide details necessary to define a class of drivers. Even if all ISP employers paid drivers on a flat fee basis, this single common characteristic would not merit preliminary certification of a collective action because it fails to establish a common policy that violates the FLSA. We don't know if the daily rates were the same across all ISPs. We don't know if the other ISP employers paid weekly bonuses like Giacherio Inc. did. We don't know if the other drivers managed their daily schedules and took frequent breaks. We don't know which drivers only drove vehicles under 10,000 GVWR.

Even if both declarations are assumed to be true, they merely establish multiple ISP employers used a flat daily rate to compensate delivery drivers who may or may not have driven vehicles under 10,000 GVWR without providing any details. Without knowing the daily schedules of those drivers, we can't fairly say that any of them worked overtime.

By comparison, it would be like saying all waiters who are paid an hourly rate plus tipped wages are similarly situated, without knowing their base pay, the amount tipped, or the total income earned per hour. Here, there is not enough of a factual nexus to issue a notice to a

putative class of delivery drivers who worked across multiple ISP employers with different practices and employee policies.

Although both declarants claim they spoke with other drivers employed by other ISPs, they offer no factual basis for establishing they have personal knowledge of what other ISP employers paid these other drivers, whether the compensation package included bonus pay based on customer service reviews or the number of packages delivered or any other metric. Further, the declarations fail to state if the other drivers only operated vehicles under 10,000 GVWR. They also do not include information about the number of breaks those drivers took during the day. Plaintiff relies on this general hearsay of what these other drivers supposedly told them: that they were all paid a flat rate by their ISP employers. But without more, this does not establish a policy violating the FLSA sufficient to identify a class of drivers who would receive notice.

In *Church*, supra, 2021 U.S. Dist. LEXIS 131666, this court did not allow the plaintiff to use hearsay to make a case for preliminary certification. *Id.* at 13 ("Plaintiff's statement about what those other servers told her is inadmissible hearsay and cannot be considered in evaluating her motion for conditional certification.") It makes perfect sense not to rely on hearsay because hearsay is unreliable.

These general hearsay statements about drivers working overtime should not form the basis for sending out notice to a poorly defined class of drivers of their supposed opt in rights. We really can't tell if the drivers referenced were subject to a policy violating the FLSA. And from the declarations provided, we cannot extract many of the details that are necessary for an "apples to apples" comparison of the delivery drivers. Were they driving vehicles over 10,000 GVWR at the time? Did they take lunch breaks during the day? Respectfully, this court should

not err on the side of speculation to certify a collective action nor rely on hearsay statements in Plaintiff's and Ms. Venable's declarations about how other drivers were paid by unidentified ISP employers.

## Conclusion

This Court should overrule Plaintiff's motion for preliminary certification. Even if we assume that there are other delivery drivers using vehicles under 10,000 GVWR who were paid a flat daily rate, this would not rise to the level of a policy of not paying drivers for overtime.

Respectfully submitted,

*/s/ Andy Vollmar*

_____
T. Andrew Vollmar (0064033)
BRUNS, CONNELL, VOLLMAR & ARMSTRONG
40 N. Main St., Suite 2010
Dayton, OH  45423
(937) 999-6261
(937) 999-6290 (fax)
avollmar@bcvalaw.com
*Attorney for Defendant Giacherio, Inc.*


James G. Kordik
Rogers & Greenberg
40 N. Main Street Suite 2160
Dayton, OH  45423
(937) 223-8171
jkordik@rogersgreenberg.com
*Attorney for Defendant Giacherio, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was served this 4th day of November, 2022, via regular U.S. mail or electronic mail upon the following:

Michael Fradin
8 N. Court Street, Suite 403
Athens, Ohio 45701
Mike@fradinlaw.com
*Attorney for Plaintiff*

James L. Simon
6000 Freedom Square Dr., Building 2
Independence, Ohio 44131
james@bswages.com
*Attorney for Plaintiff*

Clifford Bendau, II
P.O. Box 97066
Phoenix, Arizona 85060
cliffordbendau@bendaulaw.com
*Attorney for Plaintiff*

Jessica Goneau Scott
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
scott@wtotrial.com
*Attorney for Defendant FedEx Ground*

Natalie R. Colao
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
colao@wtotrial.com
*Attorney for Defendant FedEx Ground*

Steven Mark Lowengart
Fisher & Phillips
250 West Street, Suite 400
Columbus, Ohio 43215
sloewengart@fisherphillips.com
*Attorney for Defendant FedEx Ground*

David J. Schaller
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, Colorado 80202
schaller@wtotrial.com
*Attorney for Defendant FedEx Ground*

Harold F. Baker
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, Colorado 80202
hbaker@wtotrial.com
*Attorney for Defendant FedEx Ground*

Joseph A. Farchione
Sutter O'Connell Mannion & Farchione Co, LPA
1301 East 9th Street, Suite 3600
Cleveland, OH 44114
farchione@wtotrial.com
*Attorney for Defendant FedEx Ground*

                                                                                            _____
                                                                                           T. Andrew Vollmar (0064033)

4874-6800-7741, v. 1

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

TAWANNA OGLESBY

    Plaintiff,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant.

Case No.: 3:20-cv-00346-WHR

HONORABLE WALTER H. RICE
Magistrate Judge: Peter B. Silvain, Jr.

CIVIL ACTION

## DECLARATION OF BENITA GIACHERIO

1. I am Benita Giacherio. Under penalty of perjury, I hereby state the following to be true.

2. I am over 18 years of age, under no legal disabilities, and have personal knowledge of all matters stated herein.

3. On or about September 22, 2003, my husband, Chris and I formed and started a corporation known as Giacherio, Inc.

4. From the formation of Giacherio, Inc. in 2003 through the time that Giacherio Inc. stopped doing business in 2019, Giacherio Inc. was in the business of delivering packages per its contractual agreement with FedEx Ground Package System, Inc. (FedEx Ground) to businesses and consumers. Generally speaking, businesses like ours are referred to in the industry and Independent Service Providers or ISPs.

5. From the fall of 2017 to roughly October 11 of 2019, Giacherio Inc. employed Tawanna Oglesby as a delivery driver.

6. During the time Giacherio, Inc. employed Tawanna Oglesby, I helped manage Giacherio Inc. along with my husband, Chris. My management duties included scheduling and payroll.

7. During the time Giacherio Inc. employed Tawanna Oglesby, I prepared Tawanna's work schedule, I told her which vehicle to drive, and I processed her paychecks. FedEx Ground had no involvement in this.

8. While Tawanna Oglesby was employed by Giacherio Inc., I assigned Tawanna her route/area for deliveries. FedEx Ground had no involvement in this.

9. Giacherio Inc. either owned, leased or rented every vehicle Tawanna Oglesby used for deliveries of packages while she was employed by Giacherio, Inc. Giacherio Inc. decided the vehicles it would use to provide services under its agreement with FedEx Ground.

10. I told Tawanna that if she had a problem on her delivery route, she should call me.

11. Giacherio Inc. determined how to pay its employees, including Tawanna. FedEx Ground was not involved in this.

12. Giacherio Inc. paid Tawanna on flat rate per day basis, with weekly bonuses based on customer service and the number of packages delivered. FedEx Ground was not involved in determining Ms. Oglesby's compensation.

13. FedEx Ground did not have any role in determining Ms. Oglesby's compensation, including determine the daily flat rate of pay for any Giacherio Inc. employees, including Tawanna Oglesby.

14. FedEx Ground did not determine the bonus payments to any Giacherio Inc. employee, including Tawanna Oglesby.

15. FedEx Ground did not determine whether Giacherio Inc.'s employees qualified for the bonus pay.

16. Giacherio Inc. did not consult FedEx Ground or any other ISP service provider on how to pay its employees. Giacherio Inc. made those operational decisions based on its own judgment.

17. During the time Giacherio Inc. employed Tawanna Oglesby, I do not recall having any conversation with Tawanna about overtime pay. I did not tell Tawanna Oglesby that Giacherio Inc. did not pay its delivery drivers overtime.

18. Giacherio Inc. determined whether the delivery driver employees qualified for bonus pay and if so, how much the bonus pay would be.

19. Giacherio Inc.'s employees used various sizes of trucks to make deliveries. Some of the trucks weighed over 10,000 pounds, and some were under 10,000 pounds.

20. Giacherio Inc. always allowed its drivers to manage their own schedules. Even if Giacherio Inc.'s delivery drivers arrived early and/or stayed late, it would not necessarily mean those drivers worked overtime. Giacherio Inc. permitted its drivers to take breaks for lunch or other personal reasons, run personal errands, and make personal phone calls. The delivery drivers were free to complete their routes with or without breaks.

21. The above statements are true and accurate to the best of my knowledge and belief.

_Benita Giacherio_

11/4/2022
Date