UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Tawanna Oglesby**, <br><br> Plaintiff, <br><br> v. <br><br> **Fedex Ground Package System, Inc.**, <br><br> Defendant. | No. 2:20-cv-00346-WHR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION** |

      Defendant FedEx Ground ("FedEx Ground") takes 35 pages dissecting the merits of Plaintiff's claims in an ineffectual effort to overcome the obvious – that Plaintiff has met her lenient burden and should be granted conditional certification and allowed to send notice to all current and former Small Vehicle Drivers within the State of Ohio who did not receive overtime compensation for time worked in excess of 40 hours in a given workweek.  Defendants Giacherio Inc. and FedEx Grounds' respective Responses in Opposition to Plaintiff's Motion for Conditional certification (Docs. 71, 72) ("Response") largely ignore Plaintiffs' substantial allegations, and instead focuses on merits-based, decertification, and manageability-related arguments that are inappropriate for consideration at this stage.

      The economic reality is that FedEx Ground has retained the power to control every inch of its relationships with its ISPs.  FedEx Ground controls the revenue and profits that its ISPs can generate and uses the ISP business model to insulate itself from FLSA liability.  This business model allows FedEx Ground to squeeze every ounce of profit possible from its ISPs and retain absolute control over its drivers without having to ensure that those drivers – the lifeblood of FedEx Ground's business – are paid properly.  This incentivizes the ISPs to violate the FLSA, and FedEx

Ground, in turn, buries its head in the sand and claims the false pretext that, pursuant to a contractual relationship, its hands are clean.

However, as the Sixth Circuit has aptly proclaimed, contractual intention carries no weight when it comes the FLSA: "We agree that it makes very good sense to reject contractual intention as a dispositive consideration in our analysis." *Imars v. Contractors Manufacturing Services, Inc.*, 1998 WL 598778, at *5 (6th Cir. 1998). "The reason is simple: 'The FLSA is designed to defeat rather than implement contractual arrangements.'" *Id.*, quoting *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1544-45 (7th Cir. 1987) (Easterbrook, J., concurring). *See also id.*, quoting *Real v. Driscoll Strawberry Assoc.*, 603 F.2d 748, 755 (9th Cir. 1979) ("Economic realities, not contractual labels, determine employment status for the remedial purpose of the FLSA").

Through her well pleaded allegations, declarations, and documentary evidence, Plaintiff has easily surpassed her step one burden, and the Court should grant Plaintiff's Motion for Conditional Certification ("Motion").

**I.   FedEx Ground retains control over its drivers' day-to-day while trying to pass off its FLSA liability to its ISPs.**

FedEx Ground pays third-party service providers to pay drivers to perform FedEx Ground's primary function–last-mile delivery of parcels to consumers. In doing so, FedEx Ground retains complete control over its drivers' day-to-day, which is the hallmark of being a "joint employer" under the FLSA. Rather than acknowledge that it simply pays ISPs to pay its drivers while claiming "hands off," FedEx Ground undertakes a monumental effort in its Response to make this appear more complicated than it really is. The economic reality, however, is much simpler: for the purpose of conditional certification, both Plaintiff Oglesby and Opt-In Plaintiff Daria Venable have shown that they were employed by FedEx Ground, drove small

vehicles, were eligible for overtime, and did not receive overtime for time worked in excess of 40 hours per week.

In conducting its operations pursuant to its current policies, FedEx Ground attempts to insulate itself from overtime liability to its drivers, pass that liability onto its ISPs, and retain absolute control over the drivers who carry out its essential business function.  Plaintiff and those similarly situated were non-exempt, small vehicle drivers for FedEx Ground who should have been paid overtime but were not.  The fundamental purpose of the FLSA's conditional certification mechanism dictates that those drivers should be given notice of the pendency of this lawsuit, so they may be afforded the opportunity to join and have their claims heard.  *See e.g. Johnston v. J&B Mech., LLC*, No. 4:17CV00051-JHM, 2017 WL 3841654, at *3 (W.D. Ky. Sept. 1, 2017) ("[T]he purpose of the conditional certification stage is (to give potential plaintiffs) notice of the pending collective action so they can decide whether to opt-in to the lawsuit").

**II.     Plaintiff has met her burden to show the existence of a putative collective with claims unified by Defendants' determination not to pay overtime to its small vehicle drivers, and Defendants have the burden to prove that an FLSA exemption applies.**

**A.     Plaintiff has met her burden to show the existence of Defendants' common practice of failing to pay overtime to non-exempt drivers.**

Plaintiff has met her burden to show the existence of a common theory of FLSA liability. For the purpose of obtaining conditional certification and step one notice, Plaintiff has shown through declarations and other evidence each and every element of FedEx Ground's continued pattern of violating the FLSA's overtime provisions.

In order to prove overtime liability under the FLSA, a plaintiff must show only that: (1) she was employed by the defendant during the relevant time period; (2) in the plaintiff's work for the defendant, she was engaged in commerce or the production of goods for commerce, or she was employed by an enterprise engaged in commerce or the production of goods for commerce

that had annual gross sales of at least $500,000; and (3) the defendant failed to pay the plaintiff overtime pay for all hours the plaintiff worked in excess of 40 in one or more workweeks. *See* 29 U.S.C. § 207.

> 29 U.S.C. § 207(a) specifically states:
>
> **no employer** shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate of which he is employed.

29 U.S.C. § 207(a) (emphasis added). The manner in which the statute is written clearly places the burden of ensuring FLSA compliance on each and every FLSA "employer" that employs an employee. *Id.* Indeed, the statute states that "no employer" may employ any employee for more than 40 hours per week unless that employee receives overtime compensation for such time. *Id.*

Here, the Complaint's allegations, the exhibits in support of the Motion, and the declarations of Plaintiff Tawanna Oglesby and Opt-In Plaintiff Daria Venable (collectively, "Plaintiffs") show:

(1) Plaintiffs were employed by FedEx Ground. Plaintiffs' Declarations (Docs 63-1, 63-2).

(2) FLSA Individual or Enterprise Coverage applies. First Amended Complaint (Doc. 30).

(3) Plaintiffs did not receive overtime for time worked in excess of 40 hours in a given workweek. Plaintiffs' Declarations (Docs 63-1, 63-2); First Amended Complaint (Doc. 30)

In submitting their respective declarations and other evidence, Plaintiffs not only show the existence of a common theory of FLSA liability–namely, employing drivers who were statutorily entitled to overtime pay and declining to pay overtime, but also that each ISP is subject to an identical "base agreement" that it must enter into in order to do business as a FedEx Ground ISP.

Response, Doc. 72 ("the base agreement is standard across Service Providers"). Indeed, FedEx Ground uses the pretext of a "base agreement" to which all ISPs are subject, pays its ISPs to pay delivery drivers for them, and then claims to be insulated from FLSA liability.

According to FedEx Ground, the only factor that matters in determining whether conditional certification is appropriate is who paid the drivers directly. *Id.* at ECF 15. However, the myriad of factors involved in proving FLSA liability extends far beyond direct payment. Indeed, the crux of this case is that *FedEx Ground paid its ISPs to pay its drivers in order to evade FLSA overtime liability.* FedEx Ground would instead have the Court believe that Plaintiff is required to prove her entire case in advance of obtaining conditional certification. But the merits of the case are irrelevant at this stage. All that matters is whether Plaintiff has shown a pattern and practice of similar treatment similarly situated individuals–here, individuals who worked as FedEx Ground light vehicle drivers who were eligible to receive overtime under the FLSA. FedEx Ground even concedes that, if a violation occurred, a finding that FedEx Ground is a joint employer would mean that it could be liable for an ISP's violation of the FLSA. Response, Doc. 72, at ECF 18. Accordingly, the proposed collective should be allowed to be informed of the pending lawsuit, and the Court should grant Plaintiff's Motion for Conditional Certification.

      **B.    Defendants bear the burden to show they fit "plainly and unmistakably" within an FLSA exemption, which they will be unable to do because the proposed class has been sufficiently narrowed to only drivers who definitively meet the "Small Vehicle Exception" to the FLSA's Motor Carrier Exemption.**

Defendants bear the burden to show that an exemption applies to Plaintiffs' overtime claims. "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). The employer bears the burden of demonstrating that the

exemption applies." *Id.* Each element must be proved by "clear and convincing evidence." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688, 691 (4th Cir. 2009). Furthermore, "[t]he criteria provided by the [DOL] regulations are absolute," and the employer must show that the employee "meets every requirement" to prevail. *Nigg v. U.S. Postal Serv.*, 555 F.3d 781, 788 (9th Cir. 2009).

Motor Carrier Exemption:

Here, the primarily applicable FLSA exemption is the Motor Carrier Exemption. Under this exemption, the FLSA's overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49," i.e., the Motor Carrier Act ("MCA"). 29 U.S.C. § 213(b)(1). An employee is subject to the authority of the Secretary of Transportation, and is thus exempt under section 213(b)(1), if she: (1) is employed by a "motor carrier" within the meaning of the MCA; and (2) performs duties that directly affect the safety of operation of motor vehicles in interstate and foreign commerce. *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 904 (6th Cir. 2002).

Small Vehicle Exception:

Employees otherwise subject to the MCA exemption, but "whose employment duties involve the safety of motor vehicles weighing 10,000 pounds or less" (i.e., "small" or "light vehicles), lose their exempt status and are entitled to be paid overtime for time worked in excess of 40 hours in a given workweek. The Department of Labor has issued interpretive guidance explaining that an employee covered by the small vehicle exception is entitled to overtime pay in workweeks in which she actually performs duties in a light vehicle and works in excess of 40 hours.

For the purpose of sending notice to the putative collective, however, Plaintiffs have already narrowed the proposed class to only individuals who drove small vehicles. This means that each and every individual who receives notice will plainly have been eligible to receive overtime pay in one or more workweeks they worked and should be allowed to receive notice of the pending lawsuit.

III.   **FedEx Ground's claim that the putative collective is not manageable is unfounded.**

   A.   **FedEx Ground has in its possession all information necessary to determine which individuals worked as small vehicle drivers, how each was paid, and whether each received overtime or not, but refused to provide such information in discovery.**

      1.   **FedEx Ground demonstrated in its Motion for Partial Summary Judgment that it does possess time and payroll information for Plaintiff and the putative collective.**

As shown above, Plaintiff's evidence shows a failure on Defendants' part to pay overtime to its small vehicle drivers who worked in excess of 40 hours in a given workweek. FedEx Ground makes the unsubstantiated claim that Plaintiff's proposed collective is unmanageable because "FedEx Ground does not have information about drivers' pay or hours worked, and it has incomplete information concerning vehicle weight…(and) the legal issues involved in this case–joint employment and whether drivers were entitled to but did not receive overtime pay–cannot be resolved collectively." Response, Doc. 72, at ECF 27.

First, FedEx Ground was able present exactly the information it claims to lack regarding Plaintiff when it filed its January 4, 2021, Motion for Partial Summary Judgment. Motion for Partial Summary Judgment, Doc. 11, at ECF 6 ("FedEx Ground's analysis shows there are only <u>seven workweeks</u> in which Plaintiff both logged more than 40 hours of on-duty time <u>and</u> drive a

light vehicle").¹ Decl. of Don Linder, Doc 11-1, ¶8 ("the motor carrier must still maintain records showing these drivers' "on duty" and "off duty" times and the total number of hours the driver is "on duty" for each day"). *ID*, ¶9, ("FedEx Ground maintains Hours of Service records for all Pick-Up & Delivery (P&D) drivers who drive trucks under its DOT registration number"). Decl. of Susan Kernan, Doc 11-3, ¶14. ("I am able to confirm the Gross Vehicle Weight Rating ("GVWR") for vehicles through researching vehicle numbers in either the Vehicle Management System ("VMS") or the Business Objects database"). *ID* at ¶19, ("[A] review of these records shows that Ms. Oglesby logged more than 40 hours of on-duty time in only thirteen workweeks while she was employed by SP Giacherio, Inc. Of those thirteen weeks, she drove heavy vehicles only for six").

Second, from the beginning of conditional certification discovery FedEx Ground has refused to provide responses to Plaintiff's discovery requests that seek the exact information that would allow Plaintiff to further narrow the class to the drivers who drove small vehicles for ISPs that did not pay overtime. Defendant FedEx Ground Package System, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production ("FedEx Ground Discovery Responses"), Response to Interrogatory No. 1, Response to Request for Production No. 3 (attached as "**Exhibit A**"). In response to Plaintiff's requests that FedEx Ground identify each of the ISPs in the State of Ohio and provide copies of all agreements between FedEx Ground and such identified ISPs, FedEx Ground simply refused on the grounds that such ISPs were not Plaintiff's direct employer. *Id*. Instead, FedEx Ground limited the scope of its responses exclusively to Fast Ball Trucking Inc. and Giacherio Inc. *Id.*

---

¹ In filing its Motion for Partial Summary Judgment, FedEx Ground effectively sought to narrow the scope of the putative collective to that which Plaintiff currently seeks to conditionally certify–individuals who drove small or light vehicles for FedEx Ground within the State of Ohio during the relevant time period. *See generally* Motion for Partial Summary Judgment, Doc. 11.

FedEx Ground cannot now reasonably argue that Plaintiff has had the benefit of discovery on the issue for conditional certification and is therefore subject to the "modest plus" standard while blatantly withholding the exact information Plaintiff needed in order to obtain the benefit of such discovery. On June 21, 2022, the Court held a Status Conference regarding conditional certification discovery. During that Status Conference, counsel for Plaintiff, James Simon, stated the following:

> …here's what I know will happen.
>
> If I don't get to conduct any discovery as it pertains to any of the other service providers, and I have to file my motion for FLSA conditional certification under that restriction, FedEx Ground in response and opposition will undoubtedly say that we have not submitted any evidence as it pertains to any of the other service providers other than Giacherio and that the case must be limited only to drivers that drove for Giacherio. That's not what this case is about.
>
> This case is about FedEx Ground's business model and the way that it is attempting to shift liability for people that we believe clearly drive for FedEx to these intermediaries. I am anticipating their argument.
>
> Then my reply is going to say: Well, hey, I've been after this stuff for as long as I've been involved on the case and you won't give it to me.

Transcript of June 21, 2022, Conference Call Proceedings (attached as "**Exhibit B**"), 8:24-9:15. In essence, but for FedEx Ground's refusal to provide the discovery Plaintiff sought, the Parties would already have at their disposal information regarding exactly which ISPs pay overtime and which did not. Now, inexplicably, FedEx Ground argues that Plaintiff should not get conditional certification because she hasn't come forward with sufficient evidence that the drivers for other ISPs are similarly situated. Ultimately, FedEx Ground understands the bar for conditional certification is not high:

> Now, I understand Mr. Simon's concerns about having to submit a brief, but my understanding, Your Honor, and I'm sure Mr. Simon would agree…although I'm certainly not advocating conditional certification. This is not a high bar. It is frequently done. It is a relatively low bar especially compared to Rule 23

certification…But I think everybody knows that the bar on that issue certainly favors Plaintiff. Ex. B, 10:17-11:1; 11:14-16.

Finally, FedEx Ground acknowledges that it has 162 ISPs across 17 different stations in the State of Ohio. Response, Doc. 72, at ECF 9. However, FedEx Ground was able to identify a total of only three ISPs that, they say, pay overtime, according to declarations submitted by the respective owners of Pony Xpress, Biggs Transport Inc., and Carson Smart Trucking. Decl. of Anthony B. Ferrante (Doc. #72-8), Decl. of Albert Smith (Doc. #72-9), Decl. of Carson Todd Smart (Doc. #72-10). This effectively means that 159 out of 162 ISPs function in a substantially similar manner and do not pay overtime to their small vehicle drivers, as discussed extensively in the declarations.

> **2. As Plaintiffs' joint employer, the FLSA plainly requires FedEx Ground to keep and maintain time and payroll information for each of its drivers.**

Even if FedEx Ground does not possess all of the necessary time and payroll information, as a joint employer under the FLSA, FedEx Ground was required to maintain and preserve such information. In other words, as a joint employer, the FLSA places the responsibility to keep and maintain such records squarely on FedEx Ground's shoulders. The failure by an employer to keep and maintain adequate and accurate records for its employees violates the FLSA and 29 C.F.R. § 516's strict recordkeeping requirements. *See* 29 C.F.R. §§ 516.2, 516.5, and 516.6. An employer's lack of recordkeeping cannot be used to "penalize the employee by denying him recovery on the ground that he is unable to prove the precise extent of uncompensated work." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986), *quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). In *Anderson*, the Supreme Court held,

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer

> convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88. Here, even if FedEx Ground claims they lack time and pay records for the putative collective, it bears the responsibility to keep and maintain those records nonetheless. FedEx Ground cannot complain that the matter should not be conditionally certified due to its own failure to confirm its compliance with the FLSA. Accordingly, the Court should conditionally certify this matter and allow notice to issue to the proposed collective.

> **B.** **The collective can be partially decertified at the decertification stage if the need to do so presents itself.**

FedEx Ground spends much of its Response making arguments that are irrelevant either because of the narrow scope of the putative collective or because they improperly address the merits of Plaintiff's claims. All that matters for the purpose of conditional certification is that Plaintiff has demonstrated that ISPs each operated pursuant to the same "base agreement" with FedEx, that FedEx Ground jointly employed drivers who worked for such ISPs, that drivers of light vehicles worked as drivers for FedEx Ground, and that such individuals were eligible to receive overtime pay but did not. As such, the case should be conditionally certified so claimants can make the informed decision whether to join. Indeed, if discovery reveals that any drivers were properly paid overtime, that can be addressed at the decertification stage.

-11-

The entire matter need not be decertified if it turns out that some individuals were paid properly. Indeed, as the Western District of Kentucky has held, "partial decertification is possible." *Bassett v. Tennessee Valley Authority*, 2013 WL 665068, at *3 (W.D. Ky. Feb. 22, 2013). The court in *Bassett* held:

> A collective action need not be totally decertified if some members are not similarly situated to the others…Instead, plaintiffs who are not similarly situated…[can] be dismissed while keeping intact the partial class. Allowing those opt-in plaintiffs who are similarly situated to the lead plaintiff to proceed as members of a partially certified class preserves the remedial nature of the FLSA and such plaintiffs should not be barred from the opportunity to be part of a FLSA collective action…If final certification is granted, the action proceeds to trial on a representative basis."

*Id.* (internal citations and quotations omitted) (granting in part and denying in part defendant's motion for decertification and dismissing certain opt-in plaintiffs because they were not similarly situated). This *is* the streamlined process that the FLSA envisions.

As in *Bassett*, if discovery shows that certain individuals were properly paid overtime as required by the FLSA, the Court can simply dismiss those individuals and certify the remaining collective members. Accordingly, the Court should conditionally certify this matter and allow notice to issue to the proposed collective.

**C. This case is manageable, and Courts across the country are managing similar cases.**

In *Roy*, FedEx was able to "provide a list of drivers who showed that they drove light vehicles or showed that the GVWR information was not known, according to vehicle numbers they themselves identified in the Department of Transportation records ("scanner data") when searched in FedEx Ground's Vehicle Management System ('VMS')" Decl. of Jessica Scott ¶7. Importantly, over 500 individuals opted-in to *Roy*. *Id.* These are 500 individuals who drove light vehicles in Massachusetts and were not paid overtime. *Id.* at ¶6. While this may be an inconvenience to FedEx and require some degree of administrative difficulty, these 500 individuals

are now able to pursue claims against Fed-Ex, whose liability rests on the one issue of whether or not they are an Employer as defined by the FLSA. 500 mini-trials on this issue would cause a much greater administrative difficulty and, realistically, would never be pursued. The only reason that the 500 individuals who joined Roy may recover the overtime due to them is because the Court conditionally certified the case. Despite Scott's testimony that FedEx is hotly litigating the Roy case and experiencing discovery difficulties, this Court should not reward Fed-Ex for its scorched-earth approach to litigation or for failing to properly track drivers' time or maintain accurate pay stubs. What *Roy* does demonstrate is that a statewide collective such as this is manageable. In fact, it would be rather inequitable for Massachusetts drivers to have an opportunity to opt-in to the Massachusetts collective and for Ohio drivers not to have the same opportunity to opt-in to the Ohio Collective.

In September 2019, the *Claiborne* Court certified a Nationwide Collective. Decl. of Jessica Scott ¶19. This is a much bigger class than the Ohio only certification that is sought here. Furthermore, Claiborne was conditionally certified over 3 years ago, so there will be no overlap in the claims of any Ohio opt-ins to the Claiborne collective. *Id.* It follows that a state-wide claim should be approximately 5000% easier to manage than a Nationwide Collective. Here, there is likely to be closer to the 500 opt-ins in Roy than the 30,125 opt-ins in Claiborne. And like any collective action, some may drop out for various reasons. And like any collective action, there is potential discovery disputes. Scott's declaration certainly demonstrates that Fed-Ex is sued often for its failure to pay overtime to light vehicle drivers and that, at least some of the time, FedEx turns to her to defend them. Because the issues in all these FedEx cases that Scott is defending appear to be based on the company's failure to pay overtime to light vehicle drivers, class/collective treatment seems like the only efficient way to manage the litigation. If 500 mini-

trials is difficult to manage, 30,125 mini-trials is a fever dream. Realistically, class/collective treatment is the only reasonable way to manage these overtime claims against FedEx.

Scott's declaration also cites California cases in which Class certification was denied. *Id* at ¶29. However, the standard for granting conditional certification in an FLSA case is much lower than the standard for certification of a class action brought under Rule 23. (*Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 768 (N.D. Ohio 2015). Scott attaches one state court order that made multiple findings, including that the named plaintiff in *Lightfoot* had admitted to falsifying records and was, therefore, subject to impeachment. Not only are these issues that are not appropriately analyzed at the conditional certification stage, but the issues that seem to have plagued *Lightfoot* are not issues in this case at all. Erikson Lightfoot is not Tawanna Oglesby and there is no reason for any of the problems from Lightfoot's case to burden Oglesby or the Ohio Collective. Therefore, to the extent this Court looks to other FedEx overtime cases for manageability or comity, it should follow other federal courts, not a state court decision involving an apparently problematic plaintiff.

**IV.  Plaintiff's proposed notice and timeframe for FedEx Ground to provide a class list are reasonable and should be approved by the Court.**

FedEx Ground's apparent issues with the temporal timeframe of the notice, the timeline for providing the class list to Plaintiff, and the content of the proposed notice are unfounded.

First, with respect to the temporal timeframe and the *Sullivan-Blake* issue, the purpose of FLSA conditional certification is to provide the opportunity to join to as broad a group of covered individuals in order to streamline in one lawsuit what could otherwise be hundreds or thousands of individual lawsuits. FedEx Ground is in the best position to determine whether an individual receiving notice of this lawsuit has already opted into the *Sullivan-Blake* matter. As such, FedEx

Ground can flag such an individual on the list so that the parties are aware that such individual may need to be dismissed from the lawsuit on decertification, as discussed above, at a later time.

Second, with respect to the timeline for providing the notice to Plaintiff, as a joint employer under the FLSA, FedEx Ground is in the best position to provide such records and is charged with the responsibility for maintaining such records. Nonetheless, Plaintiff does not object to allowing 30 days for FedEx Ground to compile and provide the class list.

Third, with respect to the content of the proposed notice, the notice is accurate, informative, and timely. The Court is in the best position to make any revision to the notice It deems necessary. If the Court takes issue with any of the language in the proposed Notice, Plaintiff respectfully requests that the Court dictate how the Notice should read.

## V.  CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for Conditional Certification and allow notice to be sent to the proposed putative collective.

RESPECTFULLY SUBMITTED this 2nd Day of December, 2022.

            LAW OFFICE OF MICHAEL L. FRADIN

            s/ *Michael L. Fradin*
            Michael L. Fradin, Esq.
            8401 Crawford Ave., Ste. 104
            Skokie, IL 60076
            Telephone: (847) 986-5889
            Fax: (847) 673-1228
            Email: mike@fradinlaw.com

            BENDAU & BENDAU PLLC

            By: /s/ *Clifford P. Bendau, II*
            Clifford P. Bendau, II (OH No. 0089601)
            BENDAU & BENDAU PLLC
            P.O. Box 97066
            Phoenix, Arizona 85060
            Telephone AZ: (480) 382-5176
            Email: cliffordbendau@bendaulaw.com
                chris@bendaulaw.com

            SIMON LAW CO.

            By: /s/ *James L. Simon*
            James L. Simon (OH No. 0089483)
            5000 Rockside Rd., Suite 520
            Independence, OH 44131
            Telephone: (216) 816-8696
            Fax: (216) 642-5814
            Email: james@simonsayspay.com

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd Day of December, 2022, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.


/s/ *Clifford P. Bendau, II*