IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAWANNA OGLESBY,　　　　　　　:

　　　　Plaintiff,

　v.　　　　　　　　　　　　　　　:　　Case No. 3:20-cv-346

FEDEX GROUND PACKAGE　　　　　　　JUDGE WALTER H. RICE
SYSTEM, INC., et al.,　　　　　　:

　　　　Defendants.　　　　　　　:

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART
DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MOTION TO STRIKE
RULE 23 ALLEGATIONS (DOC. #58); DEFENDANT'S MOTION TO STRIKE RULE 23
ALLEGATIONS FROM COUNT II OF THE AMENDED COMPLAINT IS SUSTAINED
AND PURSUANT TO FED. R. CIV. P. 23 (d)(1)(D) PLAINTIFF IS ORDERED TO
AMEND HER AMENDED COMPLAINT (DOC. #30) WITHIN 14 DAYS FROM THE
FILING OF THIS DECISION AND ENTRY TO ELIMINATE FED. R. CIV. P. 23
ALLEGATIONS FROM COUNT II; DEFENDANT'S MOTION TO STRIKE RULE 23
ALLEGATIONS FROM COUNTS III AND IV IS OVERRULED

---

　　　　Plaintiff, Tawanna Oglesby ("Plaintiff"), has sued Defendants, FedEx Ground Package System, Inc. ("FedEx"), Giacherio, Inc. ("Giacherio"), Fast Ball Trucking, Inc. ("Fast Ball Trucking"), and John Doe Corporations I-X. Doc. #30. She alleges that she and others similarly situated were employed by FedEx as delivery drivers and made deliveries on its behalf through "intermediary employers," including Defendants Giacherio and Fast Ball. Plaintiff asserts that she and others were entitled to but did not receive overtime pay for their work. Also named as Defendants are John Doe Corporations I-X.

The First Amended Collective and Class Action Complaint ("Amended Complaint"), Doc. #30, consists of four counts. In Count I, Plaintiff alleges an opt-in collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Doc. #30. Counts II though IV of the Amended Complaint assert putative class action claims for three state law causes of action: (1) in Count II, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code § 4111.01, et seq.; (2) in Count III, the Ohio Prompt Pay Act, Ohio Revised Code § 4113.15; and, in Count IV (3) damages pursuant to Ohio Revised Code § 2307.60. *Id.*

Pursuant to Fed. Rules Civ. P. 23(c)(1)(A) and 23(d)(1)(D), FedEx has filed a Motion to Strike Plaintiff's Rule 23 Allegations from Counts II, III and IV Doc. #58. It argues that Ohio Revised Code § 4111.10(C), effective July 6, 2022, and/or the FLSA bar Plaintiff from asserting any putative class action claims in these three counts and that Plaintiff's state law claims in Counts III and IV are preempted by the FLSA. Plaintiff has filed a Response to the Motion to Strike, Doc. #60, and FedEx has filed a Reply. Doc. #64. The matter is now ripe for decision.

**II. Background Facts**

Plaintiff filed her Complaint on August 18, 2020, and a First Amended Collective and Class Action Complaint ("Amended Complaint") on September 24, 2021. Doc. ##1 and 30. She alleged that from approximately October 2016 through June 2020, she worked in and around Dayton, Ohio, as a package delivery driver making deliveries for FedEx. Doc. #30, PageID#519. Although the Amended

2

Complaint asserts that the deliveries were made for FedEx, she alleges she was "classified" as an employee of two "intermediary employers," Defendants Giacherio and Fast Ball Trucking, referred to in the Amended Complaint as "FedEx ISPs." *Id.* at PageID#525. Plaintiff alleges that she and "thousands of package delivery drivers in Ohio" have worked for FedEx under other ISPs. John Doe Corporations I-X are named as unidentified Defendants and alleged to be liable as employers of Plaintiff and/or other delivery drivers. *Id.*

Plaintiff asserts that she and others did not receive overtime pay for their work beyond forty hours per week in violation of federal and state law. *Id.* at PageID#518. The Amended Complaint alleges that as employees of a FedEx ISP, the package delivery drivers wear a uniform with the FedEx logo and color scheme. *Id.*, PageID#527. They also drive delivery trucks, weighing 10,000 pounds or less, with the FedEx name and logo on them. *Id.*, PageID#525. The ISP delivery drivers work out of FedEx-owned and managed terminals where they receive their authorized routes and assignments from managers, package handlers and other FedEx employees who oversee and manage the delivery operations. *Id.*, PageID##525-27. Plaintiff contends that FedEx controls the ISPs, including the authority to require them to terminate the package delivery drivers. *Id.*, PageID#528. She alleges Defendant FedEx "micromanages" the delivery drivers and also asserts that the FedEx ISPs are a "mere shell" used by FedEx "to issue the paychecks to the drivers." *Id.*, at PageID#525-27.

3

## II. Legal Analysis

### A. Introduction and Fed. R. Civ. P. Rule 12(f) and Rule 23(c)(1)(A)

Effective July 6, 2022, Ohio Revised Code § 4111.10(C) requires any person wishing to join in any civil action in Ohio for alleged overtime pay violations to file a written consent with the Court where the action is brought and to "opt-in" to the action. *Id.* FedEx argues that this amendment and the collective action procedure of the FLSA bar Plaintiff's putative class action claims under the OMFWSA in Count II of the Amended Complaint and in Count III under the Ohio Prompt Pay Act. It also argues that her Rule 23 class allegations under the Ohio Prompt Pay Act and in Count IV, pursuant to § 2307.60, are barred because the FLSA preempts these two state law claims. Accordingly, pursuant to Fed. R. Civ. P. Rule 23(c)(1)(A), Defendant moves to strike <u>all</u> putative class action claims from the Amended Complaint. FedEx also requests an order, pursuant to Fed. R. Civ. P. 23(d)(1)(D), requiring Plaintiff to amend the Amended Complaint, Doc. #30, to "eliminate allegations about representation of absent persons." *Id.*

In response, Plaintiff argues that Defendant's arguments that the FLSA prohibits putative class action claims are inapplicable, since she is seeking Rule 23 certification of only her state law claims in Counts II, III and IV and not her federal collective action under the FLSA in Count I. She further contends that Defendant's Motion to Strike her Rule 23 OMFWA claim in Count II, pursuant to § 4111.10(C), is "not ripe," Doc. #60, PageID##793, and that the amendment cannot apply to her claim in Count III under the Ohio Prompt Pay Act, since it applies only to wage and

4

overtime claims brought under § 4110.10. Finally, she asserts that her putative class action claim for damages, pursuant to § 2307.60 in Count IV, is a separate civil action permitted by other District Courts in FLSA cases. Additionally, she asserts the law of the case doctrine prevents further litigation of this claim, since the Court previously overruled Defendant's Motion to Dismiss Count IV of her First Amended Complaint. Doc. #48.

FedEx has filed a Motion to Strike Plaintiff's putative class action claims, pursuant to Fed. R. Civ. P. Rule 12(f). Although such a motion should be granted "sparingly," *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953), a Rule 12(f) motion is a way to "freely move for the class certification question" before the filing of a motion to certify. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (motion to strike sustained before the filing of a motion to certify does not make the court's order denying certification "reversibly premature"). Courts must, however, proceed cautiously based upon the facts alleged in the complaint so as not to terminate the class aspects of a case before a motion for class certification has been filed. *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 244-244-5 (S.D. Ohio 2017) (Marbley, J.) (motion to strike sustained in part and overruled in part based on facts alleged in the complaint). Additionally, Fed. R. Civ. P. 23(c)(1)(A) directs a Court to determine whether a class should be certified "[A]t an early practicable time."

5

Accordingly, the Court will analyze Defendant's Motion to Strike Plaintiff's Rule 23 Allegations in Counts II, III and IV based upon the facts as alleged in the Amended Complaint. In doing so, it will proceed cautiously, "because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Progressive Health & Rehab,* 323 F.R.D. at 244.

### B. Count II, Ohio Minimum Fair Wage Act ("OMFWA"), Ohio Revised Code § 4111.10

Effective July 6, 2022, § 4111.10, "Liability of employer for underpayment," was amended and § 4111.10(C) was added. It reads as follows:

> (C) No employee shall join as a party plaintiff in any civil action that is brought under this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought.

*Id.*
Count II of the Amended Complaint asserts a putative class action claim, alleging that Defendants violated the OMFWSA because she and others similarly situated worked more than forty hours in one or more work weeks and did not receive overtime pay. Doc. #30, PageID#533-534. Plaintiff argues that the motion to strike her putative class action claim from Count II anticipates "a non-existent controversy" and is "not ripe," Doc. #60, PageID#793, because she intends to move for certification of the class action claims under the OMFWSA only for the

6

claims of the putative class members that are prior to July 6, 2022, the effective date of § 4111.10(C).  She asserts her Complaint was filed on August 18, 2020, before the amendment's effective date of July 6, 2022, and states if § 4111.10(C) is applied to claims before its effective date, it is a retroactive application of a statute and is in violation of Section 28, Article II of the Ohio Constitution and Ohio case law.

Before the Court considers Plaintiff's constitutional argument, it must first analyze whether the statutory language of § 4111.10(C) mandates retroactive application. *Van Fossen v. Babcock Wilcox Co.* (1988), 36 Ohio St.3d 100 ("No constitutional question is ripe for judicial review 'where the case can be disposed of upon other tenable grounds'").  For the reasons set forth below, the Court concludes that the statute is to be applied only prospectively.

In Ohio, statutes are presumed to be prospective unless expressly made retrospective. Ohio Revised Code § 1.48. "[T]o overcome the presumption that a statute applies only prospectively, a statute must 'clearly proclaim' its retroactive application." *Hyle v. Porter*, 2008-Ohio-542, 117 Ohio St. 3d 165, 167 (quoting *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, paragraph one of the syllabus). Section 4111.10(C) is silent as to whether it applies retroactively. The only language in the amendment that indicates legislative intent for retroactive or prospective application is the phrase "action that is brought." The Court finds this language not only fails to "clearly proclaim retroactivity," *id.*, but is indicative of a future or prospective application. Accordingly, the Court will

7

apply § 4111.10(C) prospectively to this case making moot Plaintiff's constitutional position pursuant to Section 28, Article II of the Ohio Constitution and Ohio case law.

Applying the amendment prospectively, however, does not permit Plaintiff to maintain a putative class action claim for Count II of the Amended Complaint. Effective July 6, 2022, an employee is not permitted to "join as a party plaintiff in any civil action that is brought" asserting a violation under the OMFWA unless she opts in. Although the Complaint was filed approximately two years before the amendment's effective date, no class was in existence that an employee could join as a party plaintiff before the amendment's effective date of July 6, 2022. Therefore, applying the amendment prospectively, Plaintiff's argument that she intends to certify only the pre-July 6, 2022, claims is of no legal consequence, since she has only alleged a claim for a putative class and at that time, prior to the amendment's effective date, there was no class for a FedEx delivery driver to join.

Plaintiff also argues that applying the amendment to her case impairs substantive rights because it shortens the statute of limitations for the putative class. This argument is also without merit for two reasons. First, § 4111.10(C) concerns only the procedure by which an Ohio worker is included in litigation for overtime pay and does not impair any substantive right. Because the amendment does not deprive or disturb the right of Plaintiff or other FedEx delivery drivers for overtime pay, § 4111.10(C) it is not substantive in nature. *Denicola v. Providence Hosp.*, 57 Ohio St. 2d 115, 387 N.E.2d 231, 11 O.O.3d 290 (1979) (statutes relating

8

to competency of a witness and rules of practice, procedure and methods of review are remedial in nature.). Second, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). Therefore, the statute of limitations is tolled and "remains tolled for all members of the putative class until class certification is denied." *Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 374 (2021). (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)). Accordingly, once denial of class certification occurs, "class members may choose to file their own suits or to intervene as plaintiffs in the pending action," *id.*, which in this case would require a plaintiff to file a written consent with the Court and become a party plaintiff pursuant to § 4111.10(C).

For these reasons, Defendant's Motion to Strike Rule 23 Allegations from Count II is sustained. Pursuant to Fed. R. Civ. P. 23(d)(1)(D), Plaintiff is ordered to "eliminate allegations about representation of absent persons" from Count II of an amendment to her Amended Complaint within 14 days of this Decision and Entry.

### C. Count III, Ohio's Prompt Pay Act, Ohio Revised Code § 4113.15

Count III of the Amended Complaint asserts a putative class action claim, pursuant to the Ohio Prompt Pay Act, Ohio Revised Code § 4113.15. Doc. #30, PageID##534 and 535. Plaintiff alleges on behalf of herself and the Rule 23 class

9

that the wages were unpaid and the expenses unreimbursed "for more than thirty (30) days beyond their regularly scheduled payday," a violation of § 4113.15. *Id.* By failing to pay these wages due "under the FLSA," Plaintiff and the class are "entitled to unpaid wages and liquidated damages" *Id.* Finally, Count III asserts that "Defendants' acted willfully, without a good faith basis and with reckless disregard [of] Ohio law." *Id.*

FedEx argues that Plaintiff's putative class action claim in Count III should be stricken, since an opt-in procedure is mandated under the FLSA pursuant to 29 U.S.C. § 216(b) and § 4113.15 creates no substantive right for wages or overtime. FedEx further asserts that, because the Ohio Prompt Pay Act is based on "alleged violations of Ohio's overtime mandate," the newly enacted §4111.10(C) bars any class action claim for Count III.

In Ohio, an employee can recover their wages under the Ohio Prompt Pay Act that were paid late for any reason. "That includes wages not paid as a result of a violation of any other law, including the FLSA or Ohio's wage laws." *Waters v. Pizza to You, LLC*, No. 3:19-cv-372, 2021 WL 229040, at *6 (S.D. Ohio, Jan. 22, 2021) (Rose, J.). (citing). Because a claim brought under Ohio's Prompt Pay Act "'rises and falls" with the FLSA and OMFWA, *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385, n.1, "any violation of an underlying wage and hour law, including the FLSA, warrants class certification under O.R.C. § 4113.15, assuming Rule 23's requirements are met." *Waters*, 2021 WL 229040, at *6 (sustaining motion for Rule 23 certification); *see also*, *Parks v. Cent. USA Wireless, LLC,* No.

1:17-cv-448, 2019 WL 4743648, at *6 (S.D. Ohio Sept. 29, 2019) (Barrett, J.) ("Defendants do not dispute the general proposition of law that a federal overtime violation translates into a state prompt pay violation.").[1]

Defendant's argument that the FLSA is incompatible with a putative claim for a class action is also not well-taken. *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 182 (S.D. Ohio 2012) (Black, J.) ("[T]here is no inherent incompatibility between an opt-in FLSA collective action and an opt-out Rule 23 class action" brought pursuant to the OMFWSA); *Dillow v. Home Care Network, Inc.*, 2017 WL 2418738, at *5, 2017 U.S. Dist. LEXIS 85788, at *5 (S.D. Ohio June 5, 2017) (Black, J.)("It is well-settled that employees in Ohio can maintain a Rule 23 class relating to their Ohio claims while simultaneously representing a 29 U.S.C. § 216(b) collective action relating to their FLSA claims."); *see also, Ganci v. MBF Inspection Servs., Inc.*, 323 F.R.D. 249, 264 (S.D. Ohio 2017) (Smith, J.).

FedEx's next argues that § 4111.10(C) prevents a putative class action claim for Count III, since, as a "specific statute," it "prevails over a more general provision when the two conflict." Doc. #64, PageID#1158, citing *Katz v. Fid. Nat'l Title Ins. Co.*, 685 F.3d 588, 596 (6th Cir. 2012). Section 4111.10(C), however, specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought <u>under this section</u>." Because § 4111.10(C) states

---

[1] FedEx cites to "numerous courts" that have held that the FLSA precludes the use of Rule 23 in state wage payment and collection law cases. Doc. #64, PageID#1158. These courts and their decisions, however, analyzed "other states' wage payment and collection laws." As such, their decisions are not binding on this Court.

it applies only to "this section," i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act. When, as is the case here, "the language of a statute is plain and unambiguous and conveys a clear and definite meaning[,] there is no occasion for resorting to rules of statutory interpretation." *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 400, 75 N.E. 3d 203 (quoting *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus). The language of § 4111.10(C) is plain and unambiguous and, as such, it "is to be applied, not interpreted." *Id.*

Defendant next argues that the FLSA preempts Plaintiff's state law claim under the Ohio Prompt Pay Act because the allegations in Count II rely solely on violations of the FLSA.[2] FedEx asserts that this claim cannot be pursued as a Rule 23 action since it "conflicts with—and is thus preempted by—the opt-in procedure mandated by the FLSA." Doc. #58, PageID#725. It cites as authority *Torres v. Vitale*, 954 F.3d 866, 873 (6th Cir. 2020).

In *Torres*, an employee filed a putative class action claim against his employer under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. He alleged a "wage theft scheme," an "insurance fraud scheme" and a "tax evasion scheme." The District Court sustained the motion to dismiss and the Court of Appeals affirmed in part, reversed in part and remanded.

---

[2] Although Plaintiff asserts in her Complaint that "Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the OMFWSA and O.R.C. § 4113.15," Doc. #30, PageID#531, she alleges in Count III a violation of the Ohio Prompt Pay Act only because Defendants failed "to pay Plaintiff and the Rule 23 Class all wages due to them under the FLSA." *Id.*, PageID#534."

It dismissed the civil RICO wage theft scheme and held that the "FLSA provides a detailed remedial scheme for its own substantive guarantees of a federal minimum wage and maximum hour work week." *Id.* at 875. Claims "seeking damages for wage and hour violations" under RICO are precluded by the FLSA, since "they seek a remedy that is explicitly covered by the FLSA."[3] *Torres*, 954 F.3d at 876. "However, when a RICO claim that is based on a dispute between an employer and an employee and alleges damages that are distinct from unpaid wages, even if the RICO-predicate act arises from conduct that also violates the FLSA, then the RICO remedies do not fall within the ambit of the FLSA's remedial scheme and are therefore not precluded." *Id.* at 875.

Here, the issue is not preclusion, which is a conflict between two federal laws, the situation in *Torres*, but preemption, a conflict between a federal and state statute. *Torres*, 954 F.3d at 872, n.1. Although Defendant argues that the Court in *Torres* preempts Ohio's Prompt Pay Act, the holding of the Sixth Circuit concerns the FLSA and whether it could "preclude a private cause of action under RICO, a seemingly unrelated statute that was meant to regulate a broad range of conduct not limited to labor and employment." *Id.*, at 871. Accordingly, the Court does not find *Torres* persuasive in barring Plaintiff's Rule 23 allegations under the Ohio Prompt Pay Act.

---

[3] The Appellate Court remanded to the District Court to determine if, under the tax evasion scheme, the plaintiff had suffered any "cognizable damages separate from lost wages so as to state a viable RICO claim." Concerning the insurance fraud scheme, the Court of Appeals held that the plaintiff lacked standing to assert a RICO claim. *Id.* at 877.

For the reasons set forth above, Defendant's Motion to Strike Rule 23 Allegations, Doc. #58, from Count III of the Amended Complaint is overruled.

### D. Count IV, Person injured by criminal act has civil remedy; Ohio Revised Code § 2307.60

In Count IV of her Amended Complaint, Plaintiff asserts a putative class action claim pursuant to the FLSA and Ohio Revised Code § 2307.60. She alleges § 216(a) of the FLSA imposes criminal penalties for willful violations of the FLSA, that she and the Rule 23 Class have been injured and, pursuant to § 2307.60, Plaintiff and the putative class are entitled to compensatory and punitive damages. Doc. #30, PageID#535. Section 2307.60, which "creates a civil cause of action for damages," *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 2016-Ohio-8434, 75 N.E. 3d 203, reads as follows:

> (A)(1) Anyone injured in person or property by a criminal act has, and may recover full damages in a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21[4] or another section of the Revised Code.

Ohio Revised Code §2307.60.

---

[4] Ohio Revised Code § 2315.21, in general, governs the award of punitive damages in a tort claim and the procedure for such an award including the burden of proof and a bifurcated trial. A tort claim under this statute is defined as an injury or loss to person or property. *Magical Farms, Inc. v. Land O'Lakes, Inc.*, 356 F. App'x 795, 798 (6th Cir. 2009).

The Ohio Supreme Court has held that "[b]y its plain and unambiguous language, R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law." *Jacobson*, 149 Ohio St. 3d at 398, and "the plain language does not require a criminal conviction as a prerequisite for civil liability." *Buddenberg v. Weisdack*, 161 Ohio St. 3d 160, 2020-Ohio-3832, 161 N.E.3d 603. Section 2307.60 "provides compensatory and punitive damages for those injured by another party's criminal act." *Waters v. Pizza to You, LLC*, 2021 WL 229040, at *6.

FedEx argues that Plaintiff's putative class action claim in Count IV should be stricken, since her claim is "completely derivative of and dependent on alleged violations of the FLSA"[5] and, under *Torres,* the FLSA is the exclusive remedy, thus prohibiting Plaintiff from using a state-provided cause of action or remedy to bypass the FLSA's opt-in requirements and seek unpaid FLSA-mandated minimum wages or overtime through a Rule 23 opt-out class action." Doc. #58, PageID#728.

In response, Plaintiff argues that, because she seeks punitive damages and asserts willful violations of the FLSA, Defendant's FLSA pre-emption argument based on *Torres* is inapplicable. She further contends that Defendant's motion to strike Count IV should be overruled, since the law of the case applies, and the

---

[5] Although Ohio Revised Code § 4111.99(B) and § 4111.13(C) provide for criminal penalties for any employer who fails to pay an employee overtime under the OMFWSA, Plaintiff has asserted a class action claim under § 2307.60 in Count IV for criminal penalties <u>only</u> under the FLSA.

15

Court previously overruled Defendant's motion to dismiss Count IV in her First Amended Complaint. Doc. #30.

Although the law of the case doctrine, if applicable, would prevent further litigation of this claim, *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 338 (6th Cir. 2016) ("courts should not reconsider a matter once resolved in a continuing proceeding") (citation omitted), the doctrine is discretionary and "applies only to issues that were actually decided, whether explicitly or by necessary implication." *Daunt v. Benson*, 999 F.3d 299 (6th Cir. 2021) (citing *Moody v. Mich. Gaming Control Bd.*, 871 F.3d 420, 425 (6th Cir. 2017). As such, "motions to dismiss do not constitute the law of the case," *Wilson v. Buckeye Steel Castings Co.*, No. 2:99-CV-1300, 2001 WL 1681130, at *4 (S.D. Ohio Sept. 25, 2001) (Sargus, J.) (citing *Farmer v. Rountree*, 252 F.2d 490, 491 (6th Cir.1958), and Plaintiff's argument is not well-taken.

However, for the reasons set forth in the preceding section, the Court does not find *Torres* persuasive in barring Plaintiff's Rule 23 allegations under Ohio Revised Code § 2307.60. The Motion to Strike the Rule 23 Allegations, Doc. #58, from Count IV of the Amended Complaint is overruled.

### III. Conclusion

For the reasons set forth above, Defendant FedEx Ground Package System, Inc.'s Motion to Strike Rule 23 Allegations, Doc. #58, is SUSTAINED in part and OVERRULED in part.

16

Defendant's Motion to Strike Rule 23 Allegations from Count II of the Amended Complaint, Doc. #58, is SUSTAINED. Pursuant to Fed. R. Civ. P.23 (d)(1)(D), Plaintiff is ordered to amend the Amended Complaint, Doc. #30, within 14 days from the filing of this Decision and Entry to eliminate Rule 23 allegations from that Count.

Defendant's Motion to Strike Rule 23 Allegations from Counts III and IV of the Amended Complaint, Doc. #58, is OVERRULED.

Date: March 22, 2023

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE