IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TAWANNA OGLESBY,

    Plaintiff,

v.

FEDEX GROUND PACKAGE
SYSTEM, INC., et al.,

    Defendants.

Case No. 3:20-cv-346

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION (DOC. #63); SCHEDULING CONFERENCE
SET WITH A RULE 26(f) FILING TO BE DOCKETED PRIOR THERETO

---

Plaintiff, Tawanna Oglesby ("Plaintiff"), on behalf of herself and others similarly situated, and Opt-In Plaintiff, Daria Venable ("Venable") (collectively referred to as "Plaintiff and Venable"), have filed a Motion for Conditional Certification ("Motion"). Doc. #63. The Motion seeks to conditionally certify a collective action to recover unpaid overtime wages for themselves and others pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Defendants, FedEx Ground System, Inc. ("FedEx"), and Giacherio, Inc. ("Giacherio"), (collectively "Defendants"), have each filed a memorandum in opposition to Plaintiff's Motion, Doc. ##72 and 71, respectively, and Plaintiff has filed a reply. Doc. #74. Oral argument was held on January 5, 2023. For the reasons set forth below, the Motion, Doc. #63, is overruled.

## I. Factual Background

From approximately September 2016 to June 2020, Plaintiff "worked directly" as a delivery driver for Defendant Giacherio and later for Fast Ball Trucking, Inc.[1] Doc. #63-1, PageID#849. Venable asserted that from approximately October 2015 to approximately April 2022, she "worked directly" as a delivery driver for DNS, McVety and Terron. Doc. #63-2, PageID#849. Plaintiff and Venable stated that these five companies were "intermediary" companies that FedEx referred to as "Independent Service Providers" ("ISPs"). Doc. #63-1, PageID#849; Doc. #63-2, PageID#856.

As ISPs, Giacherio, Fast Ball Trucking, Inc., DNS, McVety and Terron entered into an Independent Service Provider Agreement ("Agreement") with FedEx. Doc. #74, PageID#1699; Doc. #63-3, PageID#871; Doc. #72-3. There are at least 162 ISPs in Ohio. Doc. #63-3, PageID#871. According to FedEx, the Agreements consist of a "base contract" with various attachments, schedules and amendments. Doc. #72-3, PageID#1286. The "base contract" represents and warrants, among other things, that the ISP is a corporation in good standing and registered to do business in Ohio, and that it "assumes sole responsibility for payroll deductions and maintenance of payroll employment records and for compliance" with all laws including wages, withholdings, deductions, overtime

---

[1] Fast Ball trucking, Inc., was dismissed without prejudice by Plaintiff on May 31, 2022. Doc. #53.

2

and rest and meal periods. *Id.*, PageID#1295. The ISPs are required to employ their own drivers and any other personnel and provide, register and maintain their own vehicles. *Id.* Payment from FedEx to the ISPs is negotiated based on "per stop, per pick up, and per package, the [ISPs] daily service threshold and the length of the agreement." *Id.*, PageID#1286. The base contracts also give the ISPs the right to hire, train, supervise and terminate their employees. *Id.*, PageID#1296.

Although FedEx does not require that an ISP deliver packages only for them, Doc, #72-8, PageID#1663, both Plaintiff and Venable stated that they only delivered packages for FedEx. Doc. #63-1, PageID#849; Doc. #63-2, PageID#856. They assert that they worked full-time as delivery drivers out of the FedEx terminals in Vandalia, Ohio, and Miamisburg, Ohio, were required by FedEx to be at their terminals at a time certain, usually 8:00 a.m., and that they had a FedEx badge that permitted them to enter the FedEx warehouse.[2] Doc. #63-1, PageID##848-852; Doc. #63-2, PageID##855-859. The delivery vehicles driven by them had a FedEx logo and were loaded by the FedEx package handlers. Doc. #63-1, PageID#852; Doc.#63-2, Page ID#859. There were between 150 and 300 other delivery drivers at the terminals and, like Plaintiff and Venable, all the drivers wore

---

[2] The Declaration of Tawanna Oglesby, Doc. #63-1, and the Declaration of Opt-In Plaintiff Daria Venable, Doc. #63-2, refer to FedEx "terminals" in Vandalia, Ohio, and Miamisburg, Ohio, Doc. #63-1, PageID##848-850 and Doc. #63-2, PageID##855-857, and a FedEx "warehouse." Doc. #63-1, PageID#850 and 852 and Doc. #63-2, PageID#857 and 859. The Court assumes that references in the Declarations to the "terminals" and the "warehouse" are the same.

3

the same or similar FedEx uniforms. Doc. #63-1, PageID#849; Doc. #63-2, PageID#856.

FedEx determined how many packages Plaintiff and Venable would deliver each day and until approximately January 2020, also provided a scanner to them. Doc. #63-1, PageID#851; Doc. #63-2, PageID#858. The scanner told them where to go on their routes, where to stop, how many stops they had and required them to enter a special FedEx code on the scanner when a delivery was made. Doc. 63-1, PageID#851; Doc. #63-2, PageID#858. If the scanner malfunctioned, Plaintiff stated that FedEx provided a replacement. Doc. #63-1, PageID#851. She also asserted that she was told to contact the FedEx terminal for further instructions if she made an incorrect stop, could not locate a house or made a mis-delivery. Doc. #63-1, PageID#851.

Plaintiff asserted that she personally observed FedEx terminating two different ISP employees. Doc. 63-1, PageID#852. One of the terminations occurred at the FedEx terminal in Vandalia, Ohio, and the other at the terminal in Miamisburg, Ohio. *Id.*

When working out of the FedEx terminals in Vandalia, Ohio, and Miamisburg, Ohio, Plaintiff and Venable "often delivered packages using a van that was under 10,000 GVWR."[3] They stated that although they worked 50 to 60

---

[3] Gross Vehicle Weight Rating or "GVWR" is "the value specified by the manufacturer as the loaded weight of a single motor vehicle." See 49 C.F.R. § 390.5T (effective May 9, 2022).

4

hours, five or six days each work week, Giacherio, Fast Ball, DNS, McVety and Terron, each paid Plaintiff and Venable a "flat daily rate regardless of the number of hours" they worked. Doc. #63-1, PageID##848-849; Doc. #63-2, PageID##855-856. They were not paid overtime. Doc. #63-1, PageID#850; Doc. #63-2, PageID#857. When Plaintiff questioned a FedEx manger about why they were not paid for overtime, she testified that the manager told her to ask the ISP for which she was working. Doc. #63-1, PageID#850. She was told by her ISP manager in September or October of 2019 that she was a contractor and was not entitled to overtime. Doc. #63-1, PageID#850.

## II. Plaintiff and Venable's Motion for Conditional Certification. Doc. #63

### A. Introduction

Plaintiff and Venable's declarations assert that, although they "worked directly" for Defendant Giacherio and other ISPs in excess of 40 hours per week delivering packages for FedEx, they did not receive overtime wages as required by § 207(a) of the FLSA. They assert that FedEx, as a joint employer with the ISPs, is required to pay overtime to them. Their Motion seeks an Order from this Court permitting Plaintiff and Venable to send a notice to other "similarly situated" employees in Ohio advising them of their right to "opt-in" to this proceeding pursuant to § 216(b). Their proposed notice reads as follows:

5

> All current and former Small Vehicle Drivers[4] (or other positions with similar job titles or job duties), who performed work for FedEx Ground Package System, Inc., whether directly or via an ISP, during the applicable statute of limitations (the "Collective Members") within the State of Ohio, and who were not compensated one and one-half times their regular rates of pay for time worked in excess of 40 hours in a given workweek.

Doc.#63, PageID#836.

The Motion argues that the legal standard for conditional certification is a "lenient" one that requires merely a "modest factual showing" that the plaintiff's position is similar to the putative class members. Doc. #63, PageID#838. Plaintiff and Venable assert that rulings on factual disputes, credibility determinations or substantive issues are deferred until after discovery has occurred.

Although the "fairly lenient standard" and "modest factual showing" have been followed by District Courts in the Sixth Circuit for over 20 years, *Comer v. Wal-Mart Stores, Inc*, 454 F.3d 544, 547 (6th Cir. 2006) (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)(Sargus, J.) (authorization of notice "need only be based on a modest factual showing;" *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F.Supp.2d 493, 497 (D.N.J.2000) ("this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of

---

[4] Plaintiffs define "Small Vehicle Drivers" as individuals who worked for any subcontracted service provider ("ISP") of FedEx (also referred to in the Motion as an "ISP") as a driver, and who drove a vehicle weighing 10,000 pounds or less in at least one workweek. Doc. #63, PageID#829.

6

a representative class"), the Sixth Circuit recently rejected this analysis. *Clark v. A&L Homecare and Training Center, LLC*, 68 F4th 1003 (6th Cir. 2023).[5]

In *Clark*, the Court held that the standard to be applied "to facilitate notice of an FLSA suit to other employees" is whether the plaintiffs have shown "'a strong likelihood that those employees are similarly situated to the plaintiffs themselves." Id. at 1011. The Court further stated that the "strong likelihood that these opt-in employees are similarly situated to the plaintiffs themselves" requires "a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance" of the evidence. *Id*. at 1010.

Based on the evidence included in the exhibits attached to Plaintiff and Venable's Motion, the Court finds that there is no strong likelihood that the putative class of employees of the 162 Ohio ISPs are similarly situated to Plaintiff and Venable. Moreover, the Court finds that even under the "modest factual showing" and "lenient standard" that other delivery drivers are "similarly situated" to Plaintiff and Venable, the Motion fails as a matter of law.

---

[5] *Clark* abrogated *Knecht v. C & W Facility Services, Inc.*, 534 F. Supp. 3d 870 (Watson, J.)(standard for certification of a collective action under the FLSA employed at the notice stage is fairly lenient and typically results in conditional certification of a representative class); *Brittmon v. Upreach, LLC*, 285 F.Supp.3d 1033 (Watson, J.)(after the conditional certification stage, a case proceeds as a collective or representative action); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354( M.J. King)(burden of the named plaintiff at the conditional certification stage is "fairly lenient," and requiring only "a modest factual showing" and after discovery, Court determines whether collective plaintiffs are "similarly situated").

### B. Plaintiff and Venable Fail to Show that FedEx Exercises Control Over any ISP's Compensation Policies

Plaintiff and Venable argue that the declarations of Plaintiff and Venable and the excerpts from the Rule 30(b)(6) deposition testimony of FedEx show the extensive and complete control that FedEx exercised over the ISPs delivery drivers. As such, they assert that Fed Ex is a joint employer and, notwithstanding the Agreements with the ISPs, is responsible for overtime payments to all delivery drivers who work for an Ohio ISP. They argue that the Agreements with at least 162 Ohio ISPs contain a "base contract" that is designed solely to insulate FedEx from liability for any FLSA violations. In response, FedEx argues that even assuming that it is a joint employer with the ISPs, there is no evidence before the Court that FedEx controlled or was involved in any aspect of the compensation or payment made by the ISPs to the delivery drivers. Accordingly, it asserts that the Motion should be overruled. Additionally, FedEx contends that because the ISPs are separate legal entities and solely responsible for any payments made to the delivery drivers, it has no access to the records concerning the vehicles driven and the hours worked by the delivery drivers. They cite *Sullivan-Blake v. FedEx Ground Package System, Inc.*, No. CV18-1698, 2019 WL 4750141 (W.D. Pa. Sept. 30, 2019) (now known as *Claiborne*), and *Roy v. FedEx Ground Package System, Inc.*, 353 F. Supp. 3d 43 (D. Mass. 2018), as examples of decisions that wrongly

8

granted conditional certification based upon conflating a joint employer theory with an alleged FLSA violation resulting in an "unmanageable class."

Based on the evidence presented by the parties, the arguments of counsel in their memoranda and at oral argument, the Court finds no evidence that "a single, FLSA-violating policy" by FedEx exists or that the overtime "claims" of the ISP delivery drivers are "unified by common theories of [FedEx's] statutory violations. . ." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009)). Simply stated, Plaintiff and Venable, who according to their declarations worked directly for their ISPs, have presented no evidence that FedEx had any involvement in how the Ohio ISP delivery drivers were compensated or that any FedEx policy, plan or decision affected the drivers' alleged failure to receive overtime payments as required under the FLSA.

There is no dispute that Plaintiff and Venable have shown that FedEx, through its base contract with the ISPs, had considerable control over the delivery drivers' uniforms, routes, packages to be delivered and even whether their vehicles had FedEx logos. Additionally, notwithstanding the language in the base contract, Plaintiff stated in her declaration that FedEx was able to terminate ISP drivers. However, the FLSA violation asserted in this case concerns the lack of overtime payments made to delivery drivers who operated vehicles under 10,000

9

pounds.[6] With respect to this issue, Plaintiff's declaration states that FedEx directed this inquiry by her to her ISP:

> 13. In or around September or October of 2019, I spoke with a manager at FedEx whose name I do not recall. I asked her why drivers did not receive overtime for time worked in excess of 40 hours per week. In response, she told me to ask the ISP I was working for at the time.
> 14. Accordingly, I approached a manager for the ISP I was working for. He told me that, because we worked directly for ISPs as contractors, we received daily rates and were not entitled to be paid overtime for such time.

Doc. #63-1, PageID#850. Venable's declaration is similarly deficient in establishing a common unifying FLSA violation by FedEx on the issue of overtime. Although she too states that she received no overtime for the hours worked in excess of 40 hours each week, her declaration states that "a manager at DNS [an ISP] told me that because we worked directly for [the] ISP's as contractors, we received daily rates and were not entitled to be paid overtime for such time." Doc. 63-2, PageID#857.

Plaintiff and Venable next argue that because the language in the Agreement's base contract is identical, it shows that FedEx simply pays its ISPs to pay the delivery drivers for them and thereby circumvents the intent of the FLSA. In support it cites the Court to *Imars v. Contractors Mfg. Servs., Inc.*, No. 97-3543, 165 F.3d 27 (TABLE), 1998 WL 598778, at *2 (6th Cir. Aug. 24, 1998).

---

[6] A delivery driver is covered under § 207(a)(1) of the FLSA, if any part of her job includes driving a vehicle weighing under 10,000 pounds.

10

Although the Court agrees that "[T]he FLSA defines employment relationships very broadly," the analysis in *Imars* concerned whether the plaintiff was an independent contractor or an employee as a result of a contract he had signed. The Court rejected the argument that "contractual intention" was "a dispositive consideration" and held that a genuine issue of material fact existed. *Id.* Additionally, herein the evidence before the Court is that although the base contracts are identical, there are "various attachments, schedules, and amendments to that base contract" and that the amount Fed Ex pays each ISP per stop, per pick up, and per package is negotiated. Doc.#72-3, PageID1286. Moreover, although the declarations stated that Plaintiff and Venable did not receive overtime payments from their ISPs and that Plaintiff was allegedly told that she was a "contractor," other ISPs were paid overtime, thereby indicating that FedEx did not have a policy of payment that affected the compensation system.

## C. Conclusion

For the reasons set forth above, the Motion for Conditional Certification, Doc. #63, is OVERRULED.

11

### D. Scheduling Conference Set

Conference call is set for Tuesday, August 29, 2023 at 4:00 p.m.  The Rule 26(f) Report is to be filed by close of business on Thursday, August 24, 2023.

Date: July 25, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE